# Hinckly *against* Walters.

The legal liability of the assignor of a note, as regards a guarantee, may be established partly by parol and partly by the written assignment, whenever the parol evidence is in accordance with, and not contradictory of it.

The endorser of a promissory note is incompetent to testify in an action between the holder and drawer, although the note was not protested for non payment at maturity, or notice given to him; if the failure to protest it was occasioned by a special agreement between the endorser and holder.

Parties having mutual demands against each other, may, by their agreement, extinguish them by a set off; but the statute of defalcation does not, by any operation, *per se*, apply the demand of one party, in such case, against that of the other, so as to produce either a payment, satisfaction, or extinguishment of them.

ERROR to the common pleas of *Dauphin* county.

John Johnston's administratrix, for the use of Henry W. Hinckly, against Henry Walters. This was an action of debt upon a sealed note, to which the defendant pleaded payment, with leave, &c. and set off: to which the plaintiff replied *non solvit*, and that the set-

off was barred by the statute of limitations. The facts of the case are fully stated in the opinion of Justice Rogers, and for the former report of this case, see 8 *Watts* 260.

*M'Cormick,* for plaintiff in error, as to the question of the statute of limitations, cited 1 *Whart.* 66; 8 *Watts* 260. 406; 2 *Story's Eq.* 659, *pl.* 1435. As to the incompetency of the witness, he cited 4 *Wash. C. C. Rep.* 480; 16 *Serg. & Rawle* 424.

*Alricks* and *Foster,* for defendant in error, on the first point, cited 1 *Rawle* 230; 4 *Serg. & Rawle* 175; 1 *Serg. & Rawle* 180; 1 *Eq. Cas. Ab.* 8, *pl.* 6; 2 *Rawle* 324; 1 *Rawle* 293; 3 *Binn.* 135; 2 *Wash. C. C. Rep.* 180; 1 *Day* 245; 7 *Watts* 465; 1 *Penn. Rep.* 261; 3 *Rawle* 204; 5 *Whart.* 115; 2 *Whart.* 344. On the second point, 4 *Dall.* 340; 10 *Serg. & Rawle* 341.

The opinion of the Court was delivered by

Rogers, J.—This is a suit to recover the amount of a bill single, in the following words and figures, viz.

$640.                                   Liverpool, April 10, 1820.

On the first day of July next, I promise to pay John Johnson, surviving partner of the late firm of Lanning & Johnson, or order, six hundred and forty dollars, value received.

Witness my hand and seal,          H. WALTERS, [L. S.]

On the bill there is the following enrolment:

"Pay the bearer,          April 26th, 1820.

"JOHN JOHNSON, surviving partner."

It was fully proved, on the trial, that on or about the 26th of April 1820, John Johnson, for a valuable consideration, transferred the note as above to Henry W. Hinckly, for whose use the action is brought.

The defendant pleads payment, with leave, and set-off, and to the plea of set-off, the plaintiff replies the act of limitations.

In support of the plea of set-off, the defendant gave in evidence a note, in the following words:

"On or before the first of October next, I promise to pay John Hollenback, or order, six hundred dollars, value received, with use. March 17, 1819.          JOHN JOHNSON.

$600.                              JOHN LANNING."

Indorsed, "JOHN HOLLENBACK."

This note Hollenback transferred to Henry Walters, the defendant, and from the decision of the Supreme Court on a former hearing, 8 *Watts* 260, it became very material, in one aspect of the cause, to ascertain when the assignment was made, that is to say,

[Hinckly v. Walters.]

whether it was assigned before or after the transfer of the single bill by Johnson to the plaintiff Hinckly.

To prove this fact, which, it may remarked, seems to have escaped observation, until it was discovered that it was the hinge on which the cause might turn, the deposition of John Hollenback, the endorser, was again taken, on interrogatories, and the first question is, was he a competent witness? and we are of opinion that the witness is interested, and is therefore incompetent to testify. To the second cross interrogatory, the witness says, " When the note was transferred, there was a verbal understanding, that if it was nót accepted by Lanning & Johnson, or the survivor of them, as a set-off against their claim, Mr. Walters was to have the matter legally contested, and if he failed in such suit, I was to receive the note back, and repay to him what he had paid me, and all expenses incurred in the suit. In short, I fully guaranteed the note to him, not, however, having any knowledge at the time, nor for some ten or twelve years after, that he had given, or would give, a sealed note to them, or any knowledge of the legal effect of such note in the state of Pennsylvania." What then, from the witness' own showing, was the contract between him and Walters? Disguise it as you may, it was plainly this: Hollenback had a note against Lanning & Johnson, the payment of which he was anxious to secure, and for this purpose he transferred it to Walters, with the understanding that he, Walters, should make it a set-off against a debt which he at that time owed to Lanning & Johnson. It was transferred for this special purpose; for it is very plain that it did not enter into the contemplation of either, that Walters was to look to Lanning & Johnson for payment, except in the mode specified. Had such a condition been exacted, the probability is that Walters would have had nothing to do with the transaction. There is nothing which induces the belief that it ever entered into the mind of Walters that he had contracted to use the ordinary means of collecting the amount due by commencing suit against Lanning & Johnson, who at the time resided in the state of New York, and in the immediate neighbourhood of Hollenback. Nor was it, I apprehend, the duty of Walters even to present the note for payment at maturity, and protest it for non-payment, because this was not the bargain or object which the parties had in view, which only looked to the security of the money by way of set-off, which they may have had very good reason to believe was the most effective mode of obtaining payment. The note would seem to have been placed in the hands of Walters more as a shield than a sword, and so far as appears he has complied with his part of the contract by offering to set it off against his single bill, and retain it in his possession, with the knowledge of Hollenback, to be used whenever suit was brought to enforce its payment. Nor can the ignorance of Hollenback that it was a sealed note, or the legal effect of such a note in this state, alter the cause. So far as any thing has transpired, nothing has occurred

IX.—Q*

[Hinckly v. Walters.]

which can discharge Hollenback from his guarantee, and from suit against him as an endorser of the note which has proved to be unavailable in the hands of Walters. In a suit against Hollenback, if he attempted a defence on the ground that the note had not been presented to Lanning & Johnson for payment, or that the action was barred by lapse of time, a sufficient answer would be given by proof of the special contract, a compliance with that contract, and consequently that no cause of action had arisen, until after it was legally ascertained by a trial in court, that Walters could not have the benefit of the note as a set-off against the claim on the note of Lanning & Johnson. The court ruled the competency of the witness on the authority of Reigart v. Corey, decided several years ago but not reported, in which this principle was asserted: that the assignment or transfer of a note could not be partly in writing and partly by parol. The case of Reigart v. Corey may not be accurately recollected, but it is believed to have been this: Corey assigned a note in common form, which, by the laws of this state, does not subject the assignor to liability to the assignee, on the insolvency of the maker or promissor. On the failure to obtain payment on the note, Reigart, the assignee, brought suit against Corey, the assignor, and offered to prove that at the time the assignment was made, he, Corey, agreed by parol to guarantee the payment of the note. The court ruled out the evidence, because it contradicted the legal effect of the assignment, which was, that it was taken without recourse, whereas the evidence was offered to show that it was taken with recourse. Without sanctioning or questioning the propriety of this decision, it may be doubted whether the case is like the present. Here the parol evidence is in accordance, and not in opposition to the legal effect of the endorsement. It was the agreement that the note should be used only in a particular way, and if so used, Hollenback could not defend himself, although Walters did not protest the note, or did not bring suit against the makers. The agreement was collateral to the assignment, and does not infringe the rule; that a contract cannot be partly in parol and partly in writing. The materiality of the testimony of Hollenback is shown in the charge, for on his evidence the court instructs the jury, that the preponderance of the testimony was, that the endorsement took place as stated by him. It may also be proper to remark, that Hollenback's idea, that he is neither legally nor morally bound to refund the money is nothing, as the competency of his testimony depends on his interest, not on his notion of it.

In addition to the objection to the set-off arising from the time when the respective assignments or endorsements were made, the plaintiff contends, that it cannot be allowed, because it is barred by the act of limitations. The learned Judge intimated, that when the cause was reversed, as reported in 8 *Watts* 262, the Supreme Court had not a correct understanding of the facts. In what respect, the facts given in evidence on the second trial, differed from the first,

[Hinckly v. Walters.]

I have not been able to discover, except so far as it was altered by the testimony of Hollenback, which I have endeavoured to show, was improperly received. In deference to the opinion of the learned Judge, we have particularly examined the points of the cause, and have reviewed the former decision; but we are unable to come to any other conclusion than is announced in the report of that case. In the course of the charge to the jury, the Judge has put a case, which it will be time enough to decide when it arises. It is sufficient to observe, that it differs entirely from the case under review, and when examined may be found to fall within a class of cases referred to by Mr. Justice Story, 2 *Story's Eq.* 660, where the authorities are collected, of a mutual credit, that is, where there is a knowledge, on both sides, of an existing debt due to one party, and a credit by the other party, founded on and trusting to such debt as a means of discharging it.

In the case of Hinkley *v.* Walters, 8 *Watts* 262, which has been already referred to, Mr. Justice Kennedy has entered so fully into the law pertaining to this case, that we shall content ourselves, by again giving it our deliberate sanction.

The counsel for the defendant in error, has endeavoured to show, that Walters has some peculiar equity, arising from the delay in commencing this suit. But we cannot see the force of the various allegations that have been made. Neither equity nor law compelled Hinckly to more expedition in the commencement of his suit, nor is there a tittle of evidence, which even tends to show any acquiescence in the claim of a set-off. This he at all times resisted. He chose his own time and place to commence his suit, and he had nothing to do with, nor can he be made responsible for, any loss which may arise to Walters or Hollenback, from their failure to commence suit against Lanning & Johnson on the note.

Judgment reversed and a *venire de novo* awarded.