Commonwealth, Appellant, v. Berks County.

Argued January 3, 1950. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frederick J. Bertolet*, Special Attorney for Department of Justice, with him *T. McKeen Chidsey*, Attorney General, for appellant.

*Henry M. Koch*, for appellee.

OPINION BY Mr. Justice JONES, March 20, 1950:

The Commonwealth sued the County of Berks for the cost of maintaining in a State mental institution two criminals who, having been convicted in the County, became insane while serving their sentences and were transferred to the Wernersville State Hospital. The County answered, denying the plaintiff's right to recover because of an alleged indebtedness due the County by the Commonwealth in an amount in excess of the sum sued for; the indebtedness so asserted by the County

grew out of the Commonwealth's collection from persons legally liable for the support of indigent insane, the cost of their maintenance in State institutions, to which the County had theretofore contributed and for which it was then entitled to *pro tanto* reimbursement. The facts not being in dispute, a jury trial was waived. It is the Commonwealth's contention that the County's claim constitutes a set-off or counterclaim and is not available, without the consent of the Commonwealth, as a defense to the suit. The learned trial judge held otherwise and entered judgment for the defendant to which the plaintiff filed exceptions. The court en banc dismissed the exceptions and the Commonwealth appealed.

The principal question involved is whether the indebtedness due the County grew out of the same transaction that gave rise to the Commonwealth's claim. Except for a presently immaterial jurisdiction conferred by the Constitution of the United States in respect of suits against States (Art. III, Sec. 2), a State may not be sued without its consent. In *Bell Telephone Company of Penna. v. Lewis*, 313 Pa. 374, 375, 169 A. 571, Mr. Justice SCHAFFER, speaking for this court, termed the rule fundamental. See also *Collins v. Commonwealth*, 262 Pa. 572, 575, 106 A. 229. So far as Pennsylvania's courts are concerned, it is only as the legislature may by law direct that suits may be brought against the Commonwealth : Pennsylvania Constitution, Art. I, Sec. 11. Nor is the State's consent any less essential where it is sought to interpose a claim against the Commonwealth by way of a set-off or counterclaim to a suit by it: see *Commonwealth v. Matlack*, 4 Dallas *303; and *In re Monongahela Rye Liquors*, 141 F. 2d 864, 869 (C. C. A. 3).

Where, however, a State voluntarily submits to court jurisdiction by its institution of a suit, it at once renders available, as a defense to the adverse party, such of the latter's claims as have grown out of the transac-

tion which gave rise to the sovereign's suit. "A defendant's right in such regard is one of recoupment": *In re Monongahela Rye Liquors,* supra, at p. 869. In *Bull v. United States,* 295 U. S. 247, 262, it was said that "... recoupment is in the nature of a defense arising out of *some feature* of the transaction upon which the plaintiff's action is grounded" (Emphasis supplied). And, while the right does not entitle the defendant to a certificate in its favor for the excess of its claim over the amount sued for by the Commonwealth, a general verdict for the defendant with respect to the sovereign's claim is sustainable: see *Commonwealth v. Matlack,* supra.

Prior to June 1, 1941, the County had contributed, as it was required to do by The Mental Health Act of 1923, as amended, to the maintenance at the Wernersville State Hospital of indigent insane patients from Berks County. By June 1, 1941, the aggregate of such payments by the County for which the Commonwealth had not then obtained reimbursement from persons legally liable for the support of such indigents amounted to a sum in excess of the Commonwealth's present claim; and subsequent to June 1, 1941, the Commonwealth did collect all of that sum. June 1, 1941, was the effective date of the 1938 amendment of the Mental Health Act of 1923: see Act of October 11, 1938, Sp. Sess., P. L. 63, as amended by Section 1 of the Act of May 25, 1939, P. L. 195. By that amendment, the County was relieved of liability thenceforth for the maintenance of its *indigent* insane in State institutions but remained liable for the maintenance of its *criminal* insane in such institutions. As already indicated, the Commonwealth's claim in the instant suit is for the maintenance in a State Hospital of two criminal insane patients from Berks County. On the other hand, the County's claim to recoupment derives from its right to reimbursement by the Commonwealth to the extent of the County's

contributions to the cost of the maintenance of its indigent insane in State institutions prior to June 1, 1941, for which the Commonwealth thereafter recovered payment from persons liable for the support of such indigent insane patients. It is plain enough that, in legal contemplation, the transaction out of which the respective claims of the Commonwealth and of the County arose was the same, viz., the maintenance in State institutions of insane persons from the County. It is an immaterial difference that the County's claim relates to its past contributions for the maintenance of *indigent* insane for whose care it is no longer liable while the Commonwealth's claim is for the maintenance of *criminal* insane for which the County continues to be liable. The case is appropriately one for enforcement of the county's right to recoupment.

Judgment affirmed.