## Department of Highways v. DiJoseph

*P. Richard Klein,* for Commonwealth.

*James E. O'Neill, Jr.,* for defendants.

GAWTHROP, P. J., January 20, 1967. — The Commonwealth of Pennsylvania, Department of Highways, sued defendants to recover for property damage in the sum of $825 to its equipment, which was struck by an automobile owned by parent defendant and operated by minor defendant, his daughter. Defendants filed an answer with a counterclaim on behalf of each defendant seeking to recover an unspecified amount for property damage to the parent's automobile and for personal injuries to the minor operator in the sum of $10,000. Plaintiff filed a preliminary objection to the counterclaim raising the question of jurisdiction under the provisions of article 1, sec. 11 of the Constitution of Pennsylvania. After argument, the matter is before us for consideration. The preliminary objection must be sustained.

Article I, sec. 11 of the Constitution of Pennsylvania provides, inter alia: "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct". The question before us is whether the legislature has authorized the Commonwealth to be sued on the instant counterclaim or whether the Commonwealth has waived its sovereign immunity by bringing the action.

Plaintiff's preliminary objection raising the question of jurisdiction does not comply with the require-

ments of Pennsylvania Rule of Civil Procedure 1017(b)(1) because it is not in the form of a petition. That would be fatal under other circumstances: The First Pennsylvania Banking and Trust Co. v. DiFrancesco, 8 Chester 175; Jordan v. Ott, C. P. Chester County, Pa., no. 1849 in equity, opinion filed November 28, 1966, not yet reported. But here jurisdiction of the subject matter is involved. In Pennsylvania Railroad Company v. Pennsylvania Public Utility Commission, 396 Pa. 34 at page 38, it was held not only that that question may be raised at any time, but further that "[i]ndeed, it is the primary duty of the court itself to raise the question of its jurisdiction of the subject matter if that has not otherwise been done". Though otherwise improperly raised, the matter is both fundamental and determinative on the counterclaim. We shall, therefore, dispose of it on the merits.

A counterclaim is a distinct and independent cause of action in which a defendant becomes an actor. There are then two simultaneous actions pending between the same parties. Counterclaim is an offensive as well as defensive plea, and not necessarily confined to the justice of plaintiff's claim. It represents, inter alia, the right of a defendant to have judgment entered for the excess, if any, over and above plaintiff's claim: 20 Am. Jur. 2d 233, §8; 4 Standard Pa. Prac. 391; Topelski v. Universal South Side Autos, Inc., 407 Pa. 339, 354; Nern v. Employes' Liability Assurance Corp., 56 D. & C. 629.

Clearly, there is no statutory authorization for this counterclaim, and none is asserted. It is equally clear that the Commonwealth has not waived its immunity. It is fundamental that a State may not be sued without its consent, and in Pennsylvania, it is only as the legislature may by law direct that suits may be brought against the Commonwealth. Nor is

the Commonwealth's consent any less essential where it is sought to interpose a claim against the Commonwealth by way of counterclaim to a suit by it. Where, however, the Commonwealth voluntarily submits to court jurisdiction by its institution of a suit, it at once renders available as a defense to the adverse party such of the latter's claims as have grown out of the transaction which gave rise to the sovereign's suit. A defendant's right in such regard is one of recoupment, but not to a verdict or judgment in its favor for the excess of its claim over the amount sued for by the Commonwealth. A mere general verdict for defendant in respect of the sovereign's claim is sustainable: Commonwealth v. Berks County, 364 Pa. 447. A counterclaim, being an offensive as well as defensive pleading, is not necessarily confined to the justice of the sovereign's claim, and both the State and Federal decisions disallow a counterclaim against a State: Nern, supra.

Defendants rely on Bannard v. New York State Natural Gas Corporation, 404 Pa. 269, as authority for the contrary position. But that case is clearly distinguishable and not controlling. There, the Commonwealth was expressly authorized by the Act of May 28, 1915, P. L. 616, as amended, 12 PS §145, to intervene, and it did so. In considering that action, the court said at page 281: "This statutory authority to intervene also confers upon the Commonwealth the power to waive its sovereign immunity by intervening in any action and participating thereafter as other parties litigant. The Act specifies both the type of action and the manner in which the Commonwealth may waive its immunity"; and further at page 282: "When the Commission elected to intervene and exercised its statutory right to that end, it thereby consented to be sued, and its actions clearly constituted a waiver of any immunity from suit". No such waiver

resulted from the Commonwealth's commencing this action and, consequently, we have no jurisdiction to entertain defendants' counterclaim in excess of the amount of plaintiff's claim. We do not decide the question of allowance of defendants' claim as a set-off, that question not being before us.

Defendants are not without a remedy. They may proceed under the provisions of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1003, the statutory provision governing adjustment and settlement of claims against the Commonwealth: Nern, supra.

And now, January 20, 1967, the preliminary objection to defendants' counterclaim is sustained and the counterclaim is dismissed.