## Commonwealth v. Smith

*Kellen McClendon,* for plaintiff.
*Michael Georgalas,* for defendant.

DOYLE, *J.*, December 11, 1975—The Commonwealth of Pennsylvania, through the Department of Public Welfare ("the Commonwealth") sued defendant in assumpsit, the complaint alleging that: (1) the Commonwealth paid public assistance moneys totalling $12,095.80 to defendant's *wife* from August 15, 1961, to August 3, 1972; (2) Defendant was the owner of real estate in the Borough of Bellevue, Allegheny County, Pa., during the time that the public assistance moneys were paid to defendant's wife; (3) the Commonwealth's action is brought pursuant to the Act of June 24, 1937, P. L. 2045, sec. 4, as amended, 62 PS §1974, which provides that the real and personal property of any person is liable for the moneys paid for the support and maintenance . . . of the owner's *spouse* if such property was owned during the time the public agency incurs such expenses. The Commonwealth demands $8,627.80 ($12,095.80, plus lien costs of $11.48, less credits of $3,479.48) from defendant-husband for moneys expended by it over a period of 11 years for support and maintenance of defendant's wife.

Defendant's new matter alleges that during January of 1961, eight months prior to the commencement of payments by the Commonwealth, his wife willfully deserted him without reasonable cause and that, based on his wife's desertion, defendant eventually obtained a decree in divorce a vinculo matrimonii on November 10, 1972 (October term 1972, no. 270, in this court). Defendant further alleges that his spouse's efforts to obtain moneys from him were denied by order of court in proceedings in the County Court of Allegheny County, Pa. (now the Family Division of this court) at no. 960 of

1961. However, our research discloses that an order of court entered on July 12, 1961 (no. 960 of 1961) directed defendant to pay $60 a month for support of his wife.

Defendant also alleges that at the direction of one Paul E. Laughlin, an employe of the Commonwealth, he executed and delivered to the Commonwealth his judgment note dated January 10, 1963, in the face amount of $2,000, naming the Commonwealth as payee. He alleges that Laughlin advised him, defendant, that his wife would receive no assistance from the Commonwealth unless he executed and delivered the note; that defendant was obligated to support his wife despite this court's (then County Court) refusal to order him to pay support moneys to his wife (see supra, which indicates that this premise is untrue). The note entered in this court at D.S.B. No. 611 April term 1963 was paid by defendant (plus $11.48 in costs) on or about October 31, 1972 and the docket was marked "satisfied" on July 31, 1973.

Defendant counterclaims for the $2,011.48, alleging that the entry of the judgment and his payment of this amount was secured through fraud, artifice and misinformation attributable, through Laughlin, to the Commonwealth. In its reply to the new matter and in its answer to the counterclaim, the Commonwealth admits receipt of the $2,011.48 from defendant.

The Commonwealth then filed its petition to amend its complaint to reflect amounts of $168.50 allegedly paid from August 17, 1972 to November 16, 1972 to defendant's wife in excess of the amount alleged in the initial complaint. The petition also demands that defendant's counterclaim

be dismissed, asserting that a counterclaim does not lie against the sovereign. That petition is before us for disposition.

Article I, sec. 11, of the Constitution of Pennsylvania (1968) provides, inter alia:

". . . Suits may be brought *against* the Commonwealth in such manner, in such courts and in such cases as the *Legislature* may by law direct." (Emphasis supplied.)

A counterclaim is a "suit . . . brought [by defendant] against the Commonwealth" and is barred by the cited section of the Constitution. An action against the Department of Welfare of the Commonwealth is an action against the Commonwealth. The Commonwealth's filed answer to the counterclaim does not constitute a waiver, since the rule is clear that no action[1] may be brought against the Commonwealth unless authorized by an act of the *General Assembly:*[2] Land Holding Corp. v. Board of Finance and Revenue, 388 Pa. 61, 130 A.2d 700 (1957). High judicial rhetoric asserting that sovereign immunity from suit is a judicially created immunity, ergo it may be judicially repudiated, is somewhat less than cogent in view of the cited Constitutional language.

---

1. Of course, petitions may be filed with the Board of Finance and Revenue, under terms provided in The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1, et seq. Perhaps relief may also be granted by the Commonwealth Board of Claims if Senate Bill 1105 of 1975 is enacted.

2. The most recent proposal to permit suits against the Commonwealth relates to an amendment to Act No. 294 of April 27, 1927, 12 PS §1791, which would allow the Commonwealth to be made a party in partition cases where "laughing heirs" are involved. The amendment would become part of the Judicial Code: 42 Pa. C.S.A. §7501.

Commonwealth v. Berks County, 364 Pa. 447, 72 A.2d 129 (1950) holds:

"... it is only as the *legislature* may by law direct that suits may be brought against the Commonwealth ... Nor is the State's consent any less essential where it is sought to interpose a claim against the Commonwealth by way of a *set-off* or *counterclaim* to a suit by it ...

"...

"Where however, a State voluntarily submits to court jurisdiction by its institution of a suit, it at once renders available, as a defense to the adverse party, such of the latter's claims as have grown out of the transaction which gave rise to the sovereign's suit. 'A defendant's right in such regard is one of *recoupment.*' ..." (Emphasis supplied): 364 Pa. at 449-50.

Recoupment, setoff and counterclaim are frequently confused. A *setoff* is a liquidated claim of a defendant arising out of a transaction extrinsic to plaintiff's claim. It was unknown to the common law. See Hinckly v. Walters, 9 Watts 179 (1840); Himes v. Barnitz, 8 Watts 39 (1839). A *counterclaim* is a liquidated or unliquidated claim of a defendant arising out of the same transaction set forth in plaintiff's claim. *Recoupment* (from the French "to cut back"), a purely defensive proceeding, is the right of a defendant to reduce or extinguish plaintiff's claim by asserting an action for loss or damage sustained by defendant in the same transaction arising from plaintiff's breach of contractual or other duty: Northwestern National Bank v. Commonwealth, 345 Pa. 192, 201, n. 3, 27 A.2d 20 (1942).

The Commonwealth has admitted receipt of

$2,011.48 from defendant. Defendant may assert his claim by way of recoupment. The fact that defendant has asserted his claim for recovery of the $2,011.48 in that part of his answer which is labelled "counterclaim" is of no legal consequence, since, under Pa. R.C.P. 1017, "counterclaim," "setoff" and "recoupment" must be pleaded under the single caption: "Counterclaim."

We expressly make no decision as to any asserted vicarious liability of the Commonwealth for the nonnegligent tort alleged to have been committed by its employe Laughlin.

### ORDER

And now, December 11, 1975, it is ordered that plaintiff's petition to dismiss defendant's counterclaim is denied. The prayer of plaintiff's petition to amend its claim is granted.