Commonwealth of Pennsylvania, Department of Transportation, Plaintiff *v.* J. W. Bishop & Co., Inc., Defendant.

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Richard S. Herskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for plaintiff.

*F. Lee Shipman,* with him *Goldberg, Evans & Katzman,* for defendant.

OPINION BY JUDGE CRUMLISH, JR., March 17, 1977:

This action in trespass was instituted in this Court pursuant to our original jurisdiction by the Department of Transportation, Commonwealth of Pennsylvania (Plaintiff) on May 5, 1976. The complaint alleges that on or about June 6, 1969, a vehicle owned by J. W. Bishop & Co., Inc. (Defendant) was negligently driven across a steel truss bridge owned by Plaintiff, causing "trusses of said bridge to fail and said bridge to collapse." As a result, Plaintiff alleges damages in the amount of $23,396.78 plus interest. In response, Defendant has filed preliminary objections in the nature of a demurrer contending that the action is barred by the statute of limitations. Finding the statute of limitations inapplicable to the case at bar, we overrule Defendant's preliminary objections.

It has long been accepted in Pennsylvania that the statute of limitations will not run against the Commonwealth unless expressly provided otherwise. As stated

in *Commonwealth v. Musser Forests, Inc.,* 394 Pa. 205, 218, 146 A.2d 714, 720 (1958):

Since the Commonwealth is seeking by this action in trespass to recover appropriate damages for the injury suffered through the alleged conspiracy of the defendants to defraud it, the statute of limitations on trespass actions for tort can have no applicability. It has long since been established that the statute of limitations does not run against a sovereign in a civil proceeding: Bagley v. Wallace, 16 S. & R. 245, 250. As stated in Frey's Estate, 342 Pa. 351, 353, 21 A.2d 23, 'Statutes of limitation do not apply to [the Commonwealth], because of the maxim *nullum tempus occurrit regi* though probably in its origin a part of royal prerogative has been adopted in our jurisprudence as a matter of important public policy.'

Accordingly, we

### Order

And Now, this 17th day of March, 1977, the preliminary objections of Defendant, J. W. Bishop & Co., Inc., are hereby overruled.