Pennsylvania Fish Commission, Plaintiff *v.* Township of Pleasant, Defendant; Keystone Construction Company and Commonwealth of Pennsylvania, Department of Environmental Resources, Additional Defendants.

The Pennsylvania Fish Commission, an agency of the Commonwealth of Pennsylvania, on behalf of the Commonwealth of Pennsylvania, Plaintiff *v.* Keystone Construction Company, Defendant; Commonwealth of Pennsylvania, Department of Environmental Resources and Township of Pleasant, Additional Defendants.

Argued December 5, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR. and BLATT, sitting as a panel of three.

*Dennis J. Harnish,* Assistant Attorney General, with him *Richard S. Ehmann,* Assistant Attorney General, for additional defendant, Department of Environmental Resources.

*Paul D. Shafer, Jr.,* with him *Walker, Shafer, Dornhaffer, Swick & Bailey,* for defendant, Keystone Construction Company.

*James D. McDonald,* with him *Ted J. Padden,* and *Quinn, Gent, Buseck and Leemhuis, Inc.,* for defendant, Pleasant Township.

OPINION BY JUDGE BLATT, June 22, 1978:

The Pennsylvania Fish Commission (Commission) filed two complaints[1] in trespass within our original jurisdiction relating to the killing of approximately 450,000 fish in the Allegheny River in 1972. These fish are alleged to have been killed as a result of the discharge into the river of acid sludge and other waste materials from a lagoon.

The first complaint, docketed at No. 1238 C.D. 1973, named the Township of Pleasant (Township) as defendant owner of the land on which the lagoon in question is located and charged the Township with negligent maintenance and supervision of the lagoon. The second complaint, docketed at No. 472 C.D. 1975, was an action against the Keystone Construction Company (Keystone) which is alleged to have deposited the waste materials into the lagoon pursuant to an agreement with the Township. Motions were filed by the Township to join Keystone as an additional defendant and by Keystone to join the Township, and both mo-

---

[1] Papers filed within this Court's original jurisdiction should be captioned "petitions." *See Pennsylvania Rules of Appellate Procedure.*

tions were subsequently granted. Keystone also moved in each case to join as an additional defendant the Pennsylvania Department of Environmental Resources (DER) which allegedly contracted with Keystone relevant to the construction which produced the waste products concerned here, and these motions were granted as well. Presently before us and consolidated for argument are the DER's preliminary objections in each case.

Three identical objections have been made to both complaints.

First, the DER raises the issue of subject matter jurisdiction, arguing that, pursuant to Article I, Section 11 of the Pennsylvania Constitution, these actions against it as additional defendant are barred by the doctrine of sovereign immunity[2] and that Keystone can point to no specific legislation which permits the DER to be sued either directly or as an additional defendant. While it is certainly true that no statute does specifically permit such a suit, the DER, as an agency of the Commonwealth, may only assert the doctrine of sovereign immunity *on behalf of* the sovereign. In these cases, however, it was the sovereign itself, by the Commission, which initiated the actions and voluntarily submitted itself to the jurisdiction of this Court. Our research fails to disclose any previous case in which one agency of the Commonwealth has instituted a suit and another Commonwealth agency has been joined as an additional defendant, but our Supreme Court has clearly recognized that "[o]ne who voluntarily submits himself to a proceeding is in no position to question the jurisdiction of the court over his per-

---

[2] Although immunity is an affirmative defense which should be pleaded as new matter, where the parties do not object to this method of raising the issue, we will rule on the objection. *See Walter v. Commonwealth*, 30 Pa. Commonwealth Ct. 248, 373 A.2d 771 (1977).

son.'' *Bannard v. New York State Natural Gas Corp.*, 404 Pa. 269, 280, 172 A.2d 306, 312 (1961). In *Bannard,* the Pennsylvania Game Commission had petitioned and was permitted to intervene in an ejectment action in which it later attempted to assert the defense of sovereign immunity. There, the Supreme Court recognized the voluntary nature of the Game Commission's action and held that the defense of sovereign immunity had been waived, saying:

> No logical reason exists why the Commission, seeking, on its own initiative, to enter into this litigation, should not be treated on the same status as other parties to the litigation. Like other parties litigant, it has the right to question the jurisdiction of the court over the subject matter of the litigation, but, as an intervenor . . . it has therefore no right to question the jurisdiction of the court over its person on any theory of immunity.

*Bannard, supra,* 404 Pa. at 282, 172 A.2d at 313.

Similarly, in an assumpsit action, our Supreme Court has recognized that the Commonwealth waives its sovereign immunity by bringing the suit, saying:

> Where, however, a State voluntarily submits to court jurisdiction by its institution of a suit, it at once renders available, as a defense to the adverse party, such of the latter's claims as have grown out of the transaction which gave rise to the sovereign's suit.

*Commonwealth v. Berks County,* 364 Pa. 447, 449-50, 72 A.2d 129, 130 (1950).

We believe that the Commonwealth's immunity from suit was waived when the Fish Commission instituted these actions on behalf of the Commonwealth in this Court and that the DER may not now raise a defense of sovereign immunity. The DER's objections that

these actions are barred by the doctrine of sovereign immunity must, therefore, be dismissed.

The DER's second objection to both complaints is that this Court lacks subject matter jurisdiction because Keystone has failed to join a necessary party, the Pennsylvania Department of Transportation (PennDOT). The DER argues that its contract with Keystone is predicated upon a separate agreement between the DER and PennDOT which gives the DER the authority to act as "agent" for PennDOT in letting contracts and supervising the construction of erosion protective work incident to the road construction in Pleasant Township. In essence, the DER claims that it acts only as an agent for PennDOT and that any liability it may have on the contract between it and Keystone is actually PennDOT's liability as DER's principal. While it is certainly true that no court may grant relief in the absence of a necessary party and that where such a necessary party is not joined the court lacks jurisdiction, *Biernacki v. Redevelopment Authority of Wilkes-Barre,* 32 Pa. Commonwealth Ct. 537, 379 A.2d 1366 (1977), we are not convinced that PennDOT is, in fact, a necessary party to this action. A necessary party is one whose rights are so connected with the claims of the litigants that no relief can be granted without infringing upon those rights. *Department of Transportation v. Pennsylvania Power & Light Company,* 34 Pa. Commonwealth Ct. 594, 383 A.2d 1314 (1978). Here, Keystone has asserted that, if its actions did result in injury to the fish, Keystone was specifically instructed by the DER to take those actions and it was the Commonwealth's own negligence which caused the damages. The fact-finder will be concerned, therefore, only with the issue of whether or not the DER actually gave such instructions and not whether or not the DER did so

pursuant to an agreement with PennDOT. Even if the DER did so as an agent for PennDOT, the DER was ultimately acting for the Commonwealth, and Keystone has raised this negligence issue as a defense against the *Commonwealth*. If the fact-finder should determine that the DER acted negligently, relief could be granted to Keystone without infringing upon any rights which PennDOT may have in this litigation. We believe, therefore, that PennDOT is not a necessary party to these actions, and that DER's objection relative thereto must be dismissed.

The third DER objection made to both complaints is a specific demurrer based on the terms of the contract between Keystone and the DER, which includes an indemnification provision which the DER claims acts as a bar to the present actions against it. Specifically, the contract provides:

> The Contractor and his Surety shall indemnify and save harmless the Commonwealth, . . . and all the officers, agents, and employees . . . from all suits, actions or claims . . . brought for or on account of any claims of any injury or damage received or sustained by any person(s) or property on account of any negligence or fault of the Contractor, his agents or employees in execution of the Contract or from any improper or inferior workmanship . . . and the Contractor will be required to pay any judgment, with costs, which may be obtained against the Department . . . growing out of such injury or damage.

We cannot believe, however, that this indemnification clause was ever intended to bar Keystone from raising a defense of negligence on the part of the Commonwealth when it is the Commonwealth itself which has instituted suit against Keystone. Clearly, Keystone

should be permitted the opportunity to prove, if it can, that its performance under the contract was carried out according to the explicit directions of the DER. We must, therefore, dismiss DER's demurrer based on the contract.

Three additional objections have been raised to the second complaint, *i.e.* the one docketed at No. 472 C.D. 1975.

First, the DER argues that this suit is barred by Pa.R.C.P. No. 2253 which prohibits the joinder of an additional defendant later than sixty days after service of the original defendant. Although the motion for joinder here was, in fact, made after sixty days, the DER has overlooked the language of the Rule which prohibits the joinder "unless such filing is allowed by the court upon cause shown.'' Joinder was specifically permitted by order of this Court, and the DER's argument has no merit, and must, therefore, be dismissed.

Second, the DER objects to the manner of service of the complaint against it and argues that there is no *in personam* jurisdiction over it because of faulty service. Pa.R.C.P. No. 2104(b) provides that when an action is commenced against the Commonwealth, "service shall be made at the office of the defendant and at the office of the attorney general . . .", and the DER objects that no service was made at the office of the DER. Our file, however, contains a Sheriff's Return dated August 6, 1976 which states that the complaint in trespass against the additional defendant, the Department of Environmental Resources, was served by "personally handing to Nellie Howard, Secretary and person in charge of the office at time of service.'' Entry of this return has also been placed on this Court's docket. The service appears, therefore, to have been, properly made, so we must dismiss this objection as well.

The DER's last objection is a general demurrer to the complaint against it, and it argues that Keystone has not pleaded that DER's order to push wastes into the lagoon caused harm to the fish. Keystone has specifically alleged that "if Plaintiff [Fish Commission] sustained any damages, as alleged, they were caused as a result of the negligence of Additional Defendant Department of Environmental Resources and not Keystone Construction Company in that they instructed, supervised, and sanctioned all operations of Keystone Construction Company which company relied upon the expertise of said Department of Environmental Resources in the area of environmental control." We believe that this is sufficient to state a cause of action against the DER. The DER's objection in the form of a demurrer must, therefore, also be dismissed.

All of the objections of the DER having been dismissed, we will now direct the additional defendant to file an answer to each complaint.

### ORDER IN 1238 C.D. 1973

AND NOW, this 22nd day of June, 1978, the preliminary objections of the additional defendant, Department of Environmental Resources, are hereby dismissed, and the additional defendant is hereby directed to file an answer within twenty (20) days of the date of this Order.

### ORDER IN 472 C.D. 1975

AND NOW, this 22nd day of June, 1978, the preliminary objections of the additional defendant, Department of Environmental Resources, are hereby dismissed, and the additional defendant is hereby directed to file an answer within twenty (20) days of the date of this Order.

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:

I concur, but in doing so, I believe we must recognize the limited holding of *Commonwealth v. Berks County*, 364 Pa. 447, 72 A.2d 129 (1950), and distinquish the instant case from our decision in *Department of Public Welfare v. Ludlow Clinical Laboratories, Inc.*, 22 Pa. Commonwealth Ct. 614, 350 A.2d 208 (1976), *aff'd by an equally divided court*, 473 Pa. 299, 374 A.2d 526 (1977).[1]

In *Ludlow*, we relied upon *Commonwealth v. Orsatti, Inc.*, 448 Pa. 72, 292 A.2d 313 (1972), which in turn relied upon *Berks County*. As I understand these opinions, the Commonwealth, in submitting itself to the jurisdiction of court by instituting a suit, subjects itself to affirmative defenses, including right of recoupment, *i.e.*, a general verdict for the defendant with respect to the Commonwealth's claim. However, in *Ludlow*, we held the ambit of defenses to which the Commonwealth submitted itself in instituting a suit did not include a counterclaim for money damages in excess of the amount sought by the Commonwealth. To this extent, its sovereign immunity is preserved.

In the instant case, as I read Keystone's third party complaint against DER, it asserts a right of indemnification against DER if Keystone is found at fault. I agree that such a defense may be asserted in the context of this suit, notwithstanding the potential anomalous result by way of third party proceedings of the Commonwealth, through one agency, asserting a cause of action to which another Commonwealth agency must answer at trial.

---

[1] *See also Commonwealth ex rel. Milk Marketing Bd. v. Sunnybrook Dairies, Inc.*, 32 Pa. Commonwealth Ct. 313, 379 A.2d 330 (1977).