Safeguard Mutual Insurance Company, Appellant *v.* Commonwealth of Pennsylvania, Insurance Commissioner of the Commonwealth of Pennsylvania, Appellee.

Argued October 2, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt, DiSalle and MacPhail. Judges Mencer and Craig did not participate.

*Malcolm H. Waldron, Jr.,* for appellant.

*Joseph F. Lynch,* Deputy Attorney General, with him *Benjamin Levin,* Assistant Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, January 3, 1980:

This appeal is from an order of the lower court dismissing defendant-appellant's "amended counterclaim in recoupment," which is the last in a series of counterclaims and amended counterclaims which the lower court had permitted to be filed. The action originated when the plaintiff-appellee, Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner), filed a complaint in assumpsit against the defendant-appellant, Safeguard Mutual Insurance Company (Safeguard), seeking under applicable statutory law recovery of the costs of an examination of Safeguard ordered by the Commissioner. In response to the complaint, Safeguard filed an answer with new matter and a counterclaim seeking damages in conjunction with the allegedly erroneous, inaccurate examination by incompetent personnel ordered by the Commissioner, said damage claim seeking recovery of a sum far in excess of the damages sought by the Commissioner. Preliminary objections to the counterclaim were filed by the Commissioner and sustained by the lower court on the grounds that the appropriate pleading by Safeguard would have been a claim in recoupment. As a result, the counterclaim was dismissed without prejudice to Safeguard to file an amended counterclaim alleging a claim in recoupment. A long series of amended counterclaims followed, all of which were dismissed for failure to allege a claim in recoupment. Each time, Safeguard was permitted to file an amended counterclaim. Finally, in the order presently before us on appeal, the lower court dismissed the counterclaim with prejudice

on the basis of *Behrend v. Yellow Cab Co.*, 441 Pa. 105, 271 A.2d 241 (1970). This appeal followed.

The only issue raised by Safeguard on appeal is whether sovereign immunity is a defense to its counterclaim. Citing *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), Safeguard contends that the doctrine of sovereign immunity has been abolished and is thus not available to the Commissioner as a defense. While it is true that *Mayle* judicially abrogated the doctrine, the Legislature has since reinstated sovereign immunity with only limited exceptions. *See* Act of September 28, 1978, P.L. 788 (Act 152).[1] We recently held in *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979) that Act 152 should be applied retroactively. Consequently, Safeguard's counterclaim against the Commissioner is subject to the defense of sovereign immunity unless it falls within the eight enumerated exceptions in Act 152 or within an exception to the doctrine created under the statutory and case law existing prior to the *Mayle* decision. *See* Section 5(b)(1) of Act 152.

Safeguard's counterclaim as stated (alleging damages in excess of the Commissioner's claim and requesting an accounting) does not fall within one of the enumerated exceptions to the doctrine of sovereign immunity. Although we recognize that a limited exception to the doctrine has been judicially created in instances in which the Commonwealth brings suit, *Commonwealth v. Berks County*, 364 Pa. 447, 72 A.2d 129 (1950); *Pennsylvania Fish Commission v. Township of Pleasant*, 36 Pa. Commonwealth Ct. 216, 388 A.2d 756 (1978), Safeguard has not alleged that its claim falls within that exception nor has it challenged the lower court's action in refusing to allow it to plead

---

[1] The pertinent provisions of Act 152 are now codified in Section 5110 of the Judicial Code, 42 Pa. C.S. §5110.

damages over and above the amount of damages sought by the Commissioner. As a result, we do not consider the applicability of the recoupment exception to this case, but merely reiterate that sovereign immunity remains a defense to claims against the Commonwealth. On this basis, we will affirm the lower court's dismissal of Safeguard's counterclaim.

ORDER

Now, January 3, 1980, the order of the Philadelphia Court of Common Pleas, sustaining the preliminary objections of the appellee and dismissing the counterclaim of the appellant, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I respectfully dissent for the reasons set forth in my Concurring and Dissenting opinion in *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).

---

DISSENTING OPINION BY JUDGE DISALLE:

I respectfully dissent for the reasons set forth in my concurring and dissenting opinion in *Estate of Armstrong v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979).