## Commonwealth v. Hartman

*Lisle A. Zehner, III,* for plaintiff. ·
*Daniel R. Gigler,* for defendants.

WETTICK, *J.,* September 2, 1980—This is an action by the Commonwealth of Pennsylvania for property damage to a median barrier arising out of the alleged negligent operation of a motor vehicle. The accident which caused the property damage occurred on September 2, 1977, and this action was instituted on February 21, 1980. Under the Judicial Code a negligence action for property damage must be brought within two years: 42 Pa.C.S.A. §5524. Consequently, defendants have filed a motion for judgment on the pleadings in which they contend that this action should be dismissed because it is barred by the statute of limitations. The Commonwealth opposes this motion, claiming that the statute of limitation provisions of the Judicial Code do not apply to the Commonwealth.

The law is settled that in the absence of specific language to the contrary, the Commonwealth is not subject to a statute of limitations. See, for example, Com. v. J.W. Bishop & Co., Inc., 29 Pa. Commonwealth Ct. 285, 370 A. 2d 747, 748 (1977), where the court said:

"It has long been accepted in Pennsylvania that

the statute of limitations will not run against the Commonwealth unless expressly provided otherwise. As stated in Commonwealth v. Musser Forests, Inc., 394 Pa. 205, 218, 146 A. 2d 714, 720 (1958):

"'. . . it has long since been established that the statute of limitations does not run against a sovereign in a civil proceeding: [citation omitted].' As stated in Frey's Estate, 342 Pa. 351, 353, 21 A. 2d 23, 'Statutes of limitation do not apply to [the Commonwealth] because of the maxim nullum tempus occurrit regi though probably in its origin a part of royal prerogative has been adopted in our jurisprudence as a matter of important public policy.'"

Defendants contend that the legislature has subjected the Commonwealth to the Judicial Code's two year statute of limitations governing negligence actions to recover damages to property. To support this contention they rely on section 5501(a) of the Judicial Code which provides that an action must be commenced within the time specified in this chapter of the code and section 5531 of the Judicial Code which specifically refers to three actions that may be commenced at any time, two of which being actions by the Commonwealth, a county or an institution district to recover the cost of maintenance and support of persons who were a public charge.

Because section 5531 also excludes the county and institution district from any limitation period, it would appear that the only purpose of this section is to exclude from any limitation period actions to recover the cost of maintenance and support of per-

sons who were a public charge. For this reason we reject defendants' contention that the omission of other actions by the Commonwealth in this section shows a clear legislative intent to subject the Commonwealth in all other actions to the limitation provisions of the Judicial Code. Also, while section 5501 provides that all actions must be commenced within the limitation periods of this chapter, there is no indication in any provisions of the Judicial Code that the legislature intended for these limitation periods to apply to actions for which statutes of limitations are generally inapplicable.

Defendants also rely on section 5110 of the Judicial Code, 42 Pa.C.S.A. §5110, under which the Legislature waives in specified instances and only to the extent set forth within the limits of this act sovereign immunity as a bar to an action against the Commonwealth. Defendants argue that by enacting this waiver provision, the Legislature has stripped the Commonwealth of the attributes of sovereignty which the courts have provided the Commonwealth in damage actions including those in which the Commonwealth is the moving party. We reject this contention.

Through the enactment of the Act of September 28, 1978, the Legislature "reinstated sovereign immunity with only limited exceptions." Safeguard Mutual Insurance Company v. Com., 48 Pa. Commonwealth Ct. 235, 237, 410 A. 2d 84, 85 (1980). This act shows a clear legislative intention for the Commonwealth in damage claims to retain many of the attributes of the sovereign which the Commonwealth has traditionally enjoyed and negates any claim that the legislature intends for the Commonwealth in damage actions to occupy the same

status as any other litigant.[1] This precise issue was considered by the Common Pleas Court of Butler County in Com. v. Carlin at A.D. No. 79-1288:

"The tenor of this act [Act of September 28, 1978] is a declaration that the Commonwealth shall continue to enjoy sovereignty and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. There follows in this act an enunciation of a limited waiver of sovereign immunity in 9 separate types of actions. This section (5110) specifically states that in these instances only and only to the extent set forth in this section and within the limits set forth in Section 5111 does the Commonwealth waive the defense of sovereign immunity.

"It is apparent that the Legislature did not have before it the applicability of the Statute of Limitations as it applies to the Commonwealth."

The Pennsylvania Supreme Court has yet to consider the validity of the rule that the Commonwealth is not bound by a statute of limitations in the absence of a clear legislative intent to the contrary in light of Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A. 2d 709 (1978), which abolished the doctrine of sovereign immun-

1. Defendants' reliance on Pennsylvania Turnpike Commission v. Atlantic Richfield Company, 482 Pa. 615, 394 A. 2d 491 (1978), is misplaced. In this case the court ruled that the Pennsylvania Turnpike Commission is subject to the statute of limitations because of its previous decisions holding that the Turnpike Commission is not an integral part of the Commonwealth and consequently cannot share the attributes of sovereignty which inhere in the state.

ity.[2] If Mayle rested entirely on the court's belief that it is irrational and unfair for a party's claim to turn upon the identity or status of another party to the litigation, the Mayle ruling would render invalid the rule that the statute of limitations does not apply to the Commonwealth. But the court in Mayle also found that there were no public policy considerations to support the doctrine of sovereign immunity. Thus the Mayle decision does not necessarily render invalid the rule that the Commonwealth shall not be subject to any statute of limitations because this rule is founded on policy considerations entirely different from those that were offered to justify sovereign immunity.

The sovereign immunity doctrine resulted in a limited number of citizens assuming financial burdens that should have been spread among the entire population. The rule excluding the Commonwealth from any limitations periods achieves the opposite result. All citizens have a duty to fulfill their financial obligations to the state and by subjecting the state to a statute of limitations we would be allowing a limited number of citizens to avoid obligations that the others have met. Also the present rule protects the public by minimizing the advantages of governmental delay caused by corruption and political influence. Since this rule is based on consid-

2. See Com. v. Bethlehem Steel Corp., 486 Pa. 186, 404 A. 2d 692 (1979), where the court granted permission to appeal "to consider the continued validity of the rule that the statute of limitations does not run against the Commonwealth in light of Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A. 2d 709 (1978)," but concluded that the issue should not be decided because the refusal of the Commonwealth court to allow an amendment to the answer in order to raise the statute of limitations defense did not constitute an abuse of discretion.

erations beyond the English doctrine that "the King can do no wrong," the Mayle decision does not necessarily render it invalid. Therefore, until the Pennsylvania Supreme Court considers the continued validity of this rule in light of Mayle, this court will continue to follow the previous decisions of our appellate courts on this question.

For these reasons, defendants' motion for judgment on the pleadings is denied.

## ORDER

On September 2, 1980, it is hereby ordered that defendants' motion for judgment on the pleadings is denied.