J. S72016/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

A.M.H.,
                Appellant

          v.

J.K., M.K., JR., J.E. AND P.E.

:   IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
:
:
:
:
:
:
:   No. 951 MDA 2016

Appeal from the Order Entered May 12, 2016
In the Court of Common Pleas of Susquehanna County
Civil Division at No(s): 2014-00115

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY DUBOW, J.:       **FILED JANUARY 31, 2017**

Appellant, A.M.H. ("Appellant"), appeals from the May 12, 2016 Order denying her Petition to Modify Custody and Petition for Special Relief with respect to her daughter, five-year-old A.K. ("Child"). We vacate the Order and remand.

Child's biological parents are both deceased; and Appellant is Child's biological paternal aunt who later adopted Child. On May 1, 2014, prior to Appellant adopting Child, Appellant, Child's paternal grandparents, J.K. and M.K., Jr. ("Paternal Grandparents"), and Child's maternal grandparents, J.E. and P.E. ("Maternal Grandparents") entered into a custody agreement. On

---

[*] Retired Senior Judge assigned to the Superior Court.

May 14, 2014, by stipulation of all parties, the custody agreement was made an Order of court.[1]

In December of 2014, Appellant and her husband, J.H., adopted Child. N.T., 9/21/15, at 17. On July 21, 2015, Appellant filed a Petition to Modify Custody Order, in which she sought to eliminate Maternal Grandparents' partial physical custody or, in the alternative, to allow them to exercise partial physical custody on a supervised basis only. On the same day, Appellant also filed a Petition for Special Relief, in which she requested that Maternal Grandparents' partial physical custody be immediately ended pending further order of the court.

On September 21, 2015, following an evidentiary hearing, the trial court denied Appellant's petitions and instructed the parties to comply with the prior Custody Order of May 14, 2014. Appellant filed a timely notice of appeal and complied with Pa.R.A.P. 1925. On April 18, 2016, this Court vacated the September 21, 2015 Custody Order and remanded the case with instructions for the trial court to consider the custody factors provided in 23 Pa.C.S. § 5328(a). *A.M.H. v. J.K. et al*., 1842 MDA 2015 (Pa. Super. filed Apr. 18, 2016). In a Supplemental Opinion and Order filed May 12, 2016, the trial court addressed the custody factors in Section 5328 and reaffirmed its September 21, 2015 Custody Order.

---

[1] The Order granted Appellant primary physical custody and sole legal custody of Child. The Order granted both Maternal Grandparents and Paternal Grandparents periods of partial physical custody.

Appellant timely appealed and complied with Pa.R.A.P. 1925, raising six issues, including the following threshold issue:

> Whether the trial court committed an abuse of discretion and erred as matter of law by failing to [o]rder that the indispensable party [J.H.], adoptive father of the minor child, be joined in the proceedings below?

Appellant's Brief at 3.

On November 9, 2016, we remanded this case for the trial court to determine whether J.H. is Child's adoptive father. On December 19, 2016, Appellant and Maternal Grandparents' stipulated that J.H. is Child's adoptive father.

We now address whether the trial court abused its discretion when it failed to order that J.H. be joined in the custody proceedings. Appellant's Brief at 3.

An indispensable party is one who has rights so directly connected with and affected by the litigation that he must be a party to protect such rights. ***Columbia Gas Transmission Corporation v. Diamond Fuel Company***, 346 A.2d 788, 379 (Pa. 1975). His or her "absence renders any order or decree of court null and void for want of jurisdiction." ***Id***. The issue of lack of subject matter jurisdiction may be raised at any time, even for the first time on appeal. ***In re Patterson's Estate***, 19 A.2d 165, 166 (Pa. 1941).

Our rules of civil procedure provide, in relevant part, that "[i]f the court learns from the pleadings or any other source that a parent . . . is not a party to the action, it shall order that the person be joined as a party."

Pa.R.C.P. 1915.6(a)(1). The explanatory comment clarifies that "[t]he position taken by the rules is that a person in physical custody of the child and a parent . . . are necessary parties to a custody determination." Pa.R.C.P. 1915.6 cmt.

J.H. is Child's adoptive father and, therefore, he is a necessary party to this custody proceeding pursuant to Pa.R.C.P. 1915.6. Because J.H. was not joined in the custody proceeding, the trial court lacked jurisdiction and the Order is null and void. *See Columbia Gas Transmission Corporation, supra*; *Pennsylvania Fish Comm'n v. Pleasant Twp.*, 388 A.2d 756, 759 (Pa. Cmwlth. 1978). As such, we are vacating the May 12, 2016 Order, remanding this case, and ordering the trial court to join J.H. as a necessary party prior to conducting additional proceedings. In light of our disposition, we decline to address Appellant's other issues.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017