## Lutz v. DeRose

*L.C. Heim*, for defendant.
*Jacques H. Geisenberger*, for plaintiffs.

MUELLER, *J.*, December 15, 1982—On December 18, 1979, Kent K. Lutz and Barbara L. Lutz (hereinafter referred to as plaintiffs) and Martin W. DeRose, t/d/b/a Century 21 Heritage Realty (hereinafter referred to as defendant), entered into an installment sale agreement which is attached to defendant's petition to open judgment and titled "Article of Agreement." This agreement provided for defendant to purchase from plaintiffs the real estate and improvements known as 257 North Third Street, Columbia, Pa. The agreement contains a warrant of attorney authorizing a confession of judgment upon default.

On April 19, 1982, plaintiffs entered a confessed judgment against defendant in the amount of $31,372.20. This amount included the principal debt in the amount of $26,372.20, interest in the amount of $667.73, and $4,004.93 for attorney fees, all of which are authorized by the agreement. Defendant admits that when the confessed judgment was entered, he was in default (petition to open judgment, Paragraph 6). On May 11, 1982, defendant tendered plaintiffs a certified check for

$1,233.20 which represented the arrears under the terms of the agreement. This check was accepted and deposited by plaintiffs. Plaintiffs have not attempted to execute on the judgment, accelerate the debt or foreclose. On July 15, 1982, defendant filed a petition to open judgment raising the Loan Interest and Protection Law[1] (hereinafter referred to as Act 6) as a meritorious defense. More specifically, defendant's defense would be that the $1,233.20 payment on May 11, 1982, cures the default and restores defendant to the same position as if the default had not occurred. Defendant argues that there is no longer authority for he confession of judgment which was entered on April 19, 1982. To support his position defendant cites Section 404 of Act 6[2] which provides:

§404. Right to cure a default

(a) Notwithstanding the provisions of any other law, after a notice of intention to foreclose has been given pursuant to section 403 of this act, at any time at least one hour prior to the commencement of bidding at a sheriff sale or other judicial sale on a residential mortgage obligation, the residential mortgage debtor or anyone in his behalf, not more than three times in any calendar year, may cure his default and prevent sale or other disposition of the real estate and avoid acceleration, if any, by tendering the amount or performance specified in subsection (b) of this section.

(b) To cure a default under this section, a residential mortgage debtor shall:

(1) Pay or tender in the form of cash, cashier's

---

1. Act of January 30, 1974, P.L. 13, No. 6, known as the Loan Interest and Protection Law, as amended, 41 P.S. §101 et seq.

2. 41 P.S. §404.

check or certified check, all sums which would have been due at the time of payment or tender in the absence of default and the exercise of an acceleration clause, if any;

(2) Perform any other obligation which he would have been bound to perform in the absence of default or the exercise of an acceleration clause, if any;

(3) Pay or tender any reasonable fees allowed under section 406 and the reasonable costs of proceeding to foreclosure as specified in writing by the residential mortgage lender actually incurred to the day of payment.

(4) Pay any reasonable late penalty, if provided for in the security document.

(c) Cure of a default pursuant to this section restores the residential mortgage debtor to the same position as if the default had not occurred: 1974, Jan. 30 P.L. 13, §404, effective in 60 days.

On July 6, 1982, plaintiffs filed an answer to defendant's petition to open judgment. Briefs were prepared, and the court heard oral argument. The issue before the court is very narrow. Simply stated, the issue is whether Section 404 of Act 6 applies to situations where there has been a confession of judgment but no attempt to execute, foreclose, or accelerate the debt. For the reasons stated subsequently the court feels compelled to answer this question in the negative.

Defendant argues that Section 404 of Act 6, supra, does apply to the present situation. Since defendant has paid the arrears, he has cured the default, and under Section 404(c) of Art 6 defendant is restored to the same position as if the default had not occurred. Defendant asserts there is no longer any authority under the warrant of attorney to confess judgment.

The court in reading Section 404 in its entirety does not agree. Before one can benefit from Section 404(c), he must fall under Section 404 generally. Section 404(a) is worth repeating with the court's emphasis added:

§404. Right to cure a default

(a) Notwithstanding the provisions of any other law, *after a notice of intention to foreclose has been given pursuant to section 403 of this act*, at any time at least one hour prior to the commencement of bidding at a sheriff sale or other judicial sale on a residential mortgage obligation, the residential mortgage debtor or anyone in his behalf, not more than three time in any calendar year, *may cure his default and prevent sale or other disposition of the real estate and avoid acceleration*, if any, by tendering the amount or performance specified in subsection (b) of this section.

After a careful reading of Section 404(a) it is apparent that this is not the factual situation before the court on defendant's petition to open judgment. There has been no notice of intention to foreclose pursuant to Section 403[3] because plaintiffs have made no attempt to foreclose. Further defendant did not cure to prevent the sale or other disposition of his real estate and avoid acceleration.

A Pennsylvania Superior Court opinion, General Elec. Credit Corp. v. Slawek, 269 Pa. Super. Ct. 171 (1979), adds support to the court's conclusion. The Superior Court explained:

The tenor of Sec. 407 and the Rules, as they bear upon required notice to the debtor, is, then, clear: the mortgage lender *may obtain his judgment by confession under the authorizing instrument without prior statutory notice to the debtor.* If

_____

3. 41 P.S. §403.

default occurs, the lender may foreclose by "appropriate action/complaint" which must be preceded, by at least thirty days, a notice under Sec. 403. Once judgment is obtained on the complaint, it shall merge with the confessed judgment and the court shall enter an order conforming the confessed judgment with the judgment obtained on the complaint. Execution may then be had on the confessed judgment as in any other proceeding. *The legislature and Rules committee did not deem it necessary to retard the creditor's historical privilege of obtaining a judgment by confession, without prior notice, against his debtor.* Being primarily a consumer measure, however, Act No. 6 postpones actual acceleration and foreclosure until after the debtor has received notice and an opportunity to cure the default. Our construction of the Act is consistent with these objectives.

At page 180, (Emphasis added.), (footnote omitted).

The court in that case held that Section 403 notice was not required before judgment could be confessed. This court now holds that one does not have the right to cure under Section 404 when a judgment has been confessed but the judgment creditor does not attempt to execute, foreclose or accelerate the debt. When an attempt to execute, foreclose, or accelerated is initiated, the judgment creditor is then required to follow Section 403 which triggers the application of Section 404.

There is no evidence which if produced at a jury trial would require the issue to be submitted to the jury. Pa.R.C.P. 2959(e). Defendant cannot use Act 6 as a meritorious defense which would warrant the court's opening of his judgment.

## ORDER

And now, December 15, 1982, the court denies defendant's petition to open judgment.