524 A.2d 501

**Joseph Randall EGELKAMP, Appellant,**

**v.**

**Barbara EGELKAMP.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1987.

Filed March 17, 1987.

Reargument Denied May 1, 1987.

George A. Priestley, Philadelphia, for appellant.

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

CIRILLO, President Judge:

This is an appeal from a custody order. We affirm.

Three issues are presented for our review: (1) did the trial court err by allegedly basing its decision on the merits of appellant's religion; (2) did the trial court err by refusing to permit testimony from one of appellant's witnesses; and (3) did the trial court's opinion adequately discuss the evidence.

This custody dispute involves the parties' two minor boys, Christian and Erik, and is ancillary to the parties' divorce proceedings. Appellant Joseph Egelkamp belongs to what the trial court described as a fundamentalist religion. Appellee Barbara Egelkamp was a member of the same religion until she apparently fell from grace. The trial court opined that the different religious views of the parties were the source of their disagreements.

The order that was appealed from granted legal custody of Christian and Erik to their mother, Barbara Egelkamp. Their father, appellant Joseph Egelkamp, was granted substantial visitation rights. At the time of the order, May of 1986, Christian was 6 years old and Erik was 3 years old.

The Pennsylvania Supreme Court has long recognized that the scope of appellate review in a custody matter is broad. *Commonwealth ex rel. Robinson v. Robinson*, 505 Pa. 226, 236, 478 Pa. 800, 806 (1984) (citing *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 295–96, 368 A.2d 635, 637 (1977)). Although we are not bound by the trial court's factual inferences, we may not interfere with the trial court's conclusions unless they are "unreasonable in light of the trial court's factual findings ... and, thus, represent a gross abuse of discretion." *Robinson*, 505 Pa. at 237, 478 A.2d at 806 (citing *Bohachensky v. Sembrot*, 368 Pa. 228, 81 A.2d 554 (1951); *Carson, supra* ).

At every stage of legal proceedings we must bear in mind that the "overriding goal in any child custody matter is to

render a decision encompassing the 'best interests' of the child." *Priester v. Fayette County Children and Youth Services,* 354 Pa.Super. 562, 565, 512 A.2d 683, 684 (1986) (Cirillo, P.J.) (citing *Parker v. MacDonald,* 344 Pa.Super. 552, 559, 496 A.2d 1244, 1247–48 (1985)). "Best interests" of the child is a term that has been defined as "including the child's physical, intellectual, moral and spiritual well-being." *Id.* (citing *Hartman v. Hartman,* 328 Pa.Super. 154, 476 A.2d 938 (1984)). As this Court has previously stated, "The issues that influence a child's development are among the most important matters that we consider." *Priester,* 354 Pa.Super. at 566, 512 A.2d at 685.

I

Joseph Egelkamp argues that by allegedly basing its custody decision on the merits of his religion, the trial court erred. We disagree.

■ The trial court explicitly stated in its opinion that the merits of the father's religion could not form the basis of its custody decision. Although courts may not render value judgments on the merits of a particular religious view or belief, they may properly examine the effect that those views or beliefs have on the development of a child involved in a custody dispute. *Morris v. Morris,* 271 Pa.Super. 19, 28, 412 A.2d 139, 144 (1979). *See generally, K.L.H. v. G.D.H.,* 318 Pa.Super. 330, 340, 464 A.2d 1368, 1374 (1983) (religion is not determinative of child custody); Annotation, *Religion as a Factor in Child Custody and Visitation Cases,* 22 A.L.R. 4th 971, 989 (1983) (same).

The father claims that the trial court's observation that the children's best interests are served by exposing them "to all vistas, influences, religions, human ideas and philosophies," evidenced the trial court's alleged use of religion as an improper basis for its decision. Our scrutiny of the record indicates that this observation was an understandable response to the testimony presented regarding the effect of the father's religious views on the children's development. This observation demonstrates that the trial court

properly considered the effect of the father's religious views on his children as one of several factors in making the custody decision. As the trial court's opinion expressly states, and as our reading of the record confirms, consideration of Joseph Egelkamp's religious beliefs was not a determinative factor in the custody decision made by the trial court.

■ Rather, to the extent that any one factor was determinative, it seems that the trial court relied on the principle that "the continuous residence of children with one parent *may* be controlling in a custody dispute." *K.L.H. v. G.D.H.*, 318 Pa.Super. at 338, 464 A.2d at 1373 (emphasis in original) (citing *Commonwealth ex rel. Oxenreider v. Oxenreider*, 290 Pa.Super. 63, 434 A.2d 130 (1981)). In the instant case, custody was granted to the mother who was the primary caretaker of the children during the marriage as well as at her apartment after the separation of the parties. Thus, the trial court could have properly found that continued residence with the mother was a valid basis upon which to make a custody determination that served the best interests of Christian and Erik. *See generally*, J. Goldstein, A. Freud and A. Solnit, *Beyond the Best Interests of the Child*, 31–32 (1973) ("Continuity of relationships, surroundings, and environmental influence are essential for a child's normal development.... The instability of all mental processes during the period of development needs to be offset by stability and uninterrupted support from external sources.") Therefore, we conclude that the trial court's custody decision was not made on an improper basis.

## II

Appellant's next argument relies on the rule announced in *Commonwealth ex rel. Leighann A. v. Leon A.*, 280 Pa.Super. 249, 421 A.2d 706 (1980), that when reviewing a custody order, if we determine that " 'the record is incomplete or the opinion of the lower court is inadequate, the case will be remanded.' " *Id.*, 280 Pa.Superior Ct. at 253, 421 A.2d at 708 (quoting *Lewis v. Lewis*, 267 Pa.Super. 235, 240–41, 406

A.2d 781, 783–84 (1979)). Appellant argues that because the trial court excluded testimony from the pastor of his church, the record in this case is so incomplete that we must remand. We disagree.

In *Leon A., supra,* we remanded because the lack of an evaluation of the suitability of the father's home was a deficiency in the record which precluded a comprehensive review of the custody order. In addition, the record in that case failed to include evidence regarding the comparative financial situations of the parties.

In the case at bar, appellant asserts that if permitted to testify, the pastor of his church would have provided insight regarding the doctrine and practices of the church as well as how former members of the church were treated by current members. The trial court found that the pastor's testimony regarding the doctrine of his church would have been irrelevant and collateral to the custody issue. Testimony was received, however, from a psychologist who had interviewed the pastor and who had addressed the effect of appellant's religion on the parties and their children.

 The decision whether to admit or exclude evidence will not be disturbed on appeal absent an abuse of discretion. *Concorde Investments, Inc. v. Gallagher,* 345 Pa.Super. 49, 56, 497 A.2d 637, 641 (1985). The trial court determined that the pastor's proposed testimony concerning the doctrines of his church was collateral to the primary issue of custody and was therefore excluded. It remains the trial court's function to exclude evidence which would divert attention from the primary issues in the case. *Gallegor by Gallegor v. Felder,* 329 Pa.Super. 204, 211, 478 A.2d 34, 38 (1984).

 We find that the trial court did not abuse its discretion by excluding testimony which it deemed unrelated to the primary issue in this matter. It follows from this finding that we need not remand in order to rectify an alleged deficiency in the record.

## III

■ The last issue that appellant presents for our review is whether the trial court's opinion adequately discussed the evidence. This issue is somewhat related to the preceding one and is based on the principle that in a custody matter the trial court must file a comprehensive opinion containing its findings and conclusions regarding all pertinent facts. *Commonwealth ex rel. Leighann A. v. Leon A.,* 280 Pa.Super. at 252–53, 421 A.2d at 708.

In *Leon A.,* we remanded because the trial court opinion lacked an analysis of evidence critical to the custody determination. The trial court opinion in the instant case suffers from no such defect.

Appellant maintains that the trial court opinion is inadequate because it does not fully discuss expert testimony provided by a psychologist. Our reading of the trial court opinion and supplemental opinion indicates that there was an adequate analysis of evidence critical to the custody determination, including testimony of the psychologist.

To support his position that the trial court opinion is inadequate, appellant cites *Kimmey v. Kimmey,* 269 Pa.Super. 346, 409 A.2d 1178 (1979) and *In re Custody of White,* 270 Pa.Super. 165, 411 A.2d 231 (1979). Our interpretation and application of these cases does not alter our finding that the trial court opinion and supplemental opinion in the instant case are adequate. In *Kimmey,* the Court remanded after finding that the trial court did not adequately explain the varying weight it afforded to different witnesses nor did it discuss how certain conflicting evidence was balanced. In the *White* case, the Court remanded after concluding that the trial court opinion did not offer sufficient information regarding the credibility of witnesses or the suitability of the mother for custody purposes.

■ The trial court's opinion and supplemental opinion in the case before us do not suffer from the factual deficiencies which we detected in the *Kimmey* and *White* decisions. The trial court in this case sufficiently analyzed and dis-

cussed the pertinent testimony of the various witnesses as well as the weight to be given to each. Based on these findings, the trial court concluded that it was in the best interests of the children for appellee to have custody of Christian and Erik. We find that the trial court adequately analyzed and discussed all the evidence critical to its custody determination and we will not disturb it on this basis.

ORDER AFFIRMED.