556 A.2d 1365

**Allen J. KLINE, D.O., Richard Glick, D.O. and George B. Dainoff, D.O., Individually and trading as K.G.D. OB–GYN Associates, P.C., c/o Dubyn & Smith, P.C., Appellants,**

v.

**BLUE SHIELD OF PENNSYLVANIA, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1988.

Filed April 4, 1989.

Jay R. Levenberg, Philadelphia, for appellants.

Thomas E. Wood, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County which granted the appellee's motion for judgment on the pleadings and dismissed the appellants' complaint. We affirm the judgment on the pleadings in favor of the appellee.

The facts of this case are virtually undisputed. In 1981, a dispute arose between the appellants, several obstetricians and their professional corporation (hereafter, referred to as "KGD"), and the appellee, Blue Shield of Pennsylvania (hereafter, referred to as "PBS"), regarding services performed by the participating doctors pursuant to their contract with PBS. PBS claimed that, from May of 1977 through 1981, KGD charged Blue Shield subscribers more than uninsured patients for identical procedures. PBS requested a refund for the overcharges. However, KGD claimed the charges were appropriate based on the participation contract with PBS and PBS's By–Laws. This matter was then resolved in favor of PBS by the Medical

Review Committee, an independent tribunal established pursuant to PBS's By–Laws and 40 Pa.C.S.A. § 6324(c). Following a hearing, the Review Committee, in September of 1981, determined that KGD had overcharged PBS and directed KGD to refund the sum of $59,947.00. KGD refused, and, thereafter, from January 4, 1982 through October 16, 1982, PBS withheld fees due the appellants in order to reclaim the previous overcharges.

In March of 1982, KGD filed a complaint with the Pennsylvania Department of Health alleging that recovery of the claimed overcharges by withholding fees was unlawful. Finally, in February of 1984, the Department of Health held that PBS acted improperly and must refund fees totalling $59,947.00.[1] See *Pa. Blue Shield v. Commonwealth Dept. of Health*, 93 Pa.Cmwlth.Ct. 1, 500 A.2d 1244, 1246 n. 1 (1985), allocatur denied 514 Pa. 632, 522 A.2d 560 (1987). PBS appealed the Department of Health's decision to the Commonwealth Court, and, on November 13, 1985, our sister court expressly reversed, on the merits, "the department's decision that Blue Shield improperly withheld $59,-947." *Blue Shield*, 500 A.2d at 1248–1249.

On December 16, 1987, KGD filed a complaint in the Philadelphia County Court of Common Pleas alleging that PBS had unlawfully withheld payments due KGD for services rendered to PBS subscribers from January of 1982 through October of 1982, totalling $59,947.00. PBS admitted that it had withheld payments but denied any obligation to remit said funds. In its answer and new matter, PBS claimed this action was barred by collateral estoppel and/or *res judicata* based on the Commonwealth Court's holding in *Blue Shield, supra,* 500 A.2d 1244. PBS also asserted the appellant's claim was barred by the doctrine of arbitration and award and raised the defense of common law recoup-

1. The Department of Health also held: PBS must revise its regulations for participating doctors regarding, *inter alia,* involuntary withholding of fees; and PBS must undertake a comprehensive review and revision of its methods of providing participating doctors with an adequate and fundamentally fair procedure for defending themselves against allegations of overcharging.

ment. Following PBS's motion for judgment on the pleadings, the lower court entered judgment in favor of PBS, ruling that the issues raised herein had already been decided in PBS's favor by the Commonwealth Court. This appeal followed.

On appeal, the appellants allege that the lower court erroneously granted the appellee's motion for judgment on the pleadings based on the holding that the issues raised in KGD's complaint had been finally adjudicated by the Commonwealth Court. KGD argues that the present action involves monetary claims for services related to entirely different patients and time periods than the prior administrative action. Therefor, according to KGD, "there is no identity of factual or legal issues, nor identity of cause of action. For these additional reasons, Defendant's claim of res judicata or collateral estoppel must fail." Appellants' Brief, p. 11.[2] The appellants also allege that the lower

2. The appellant is correct that the present issue was not finally determined by the Commonwealth Court. Although the Commonwealth Court did determine that PBS was entitled to withhold fees, the Commonwealth Court further held: "The department also erred as a matter of law. Careful review of the governing statute establishes that the department has no authority to issue money judgments in favor of health providers against Blue Shield." *Blue Shield,* 500 A.2d at 1249. In so reasoning, the court stated:

> In 40 Pa.C.S. § 6324(c), the law expressly authorizes health service doctors (as prescribed in the professional health service corporation by-laws) to hear and decide disputes between the doctors and the professional health service corporation. In this case, Blue Shield's Medical Review Committee performed that function by hearing and deciding this overcharge dispute. Health service "regulations" which the department must review and approve are no more than contractual agreements between the doctor and the professional health service corporation. A doctor can always seek review of an unfavorable Medical Review Committee decision concerning a contractual provision with the professional health service corporation in the appropriate state court with jurisdiction over contract disputes.

*Blue Shield,* 500 A.2d at 1250.

Since the Department of Health did not have jurisdiction to adjudicate the propriety of the withholding of fees by PBS, the Commonwealth Court, likewise, did not possess the requisite jurisdiction to rule upon KGD's claim of wrongful withholding of fees. It is equally clear that the Commonwealth Court could not review the Medical Review Committees determination that KGD overcharged PBS's subscribers for

court erred in granting judgment on the pleadings when the appellees admitted owing the sums due and were foreclosed from counterclaiming a set-off due to the expiration of the statute of limitations.

In reviewing a trial court's decision to grant judgment on the pleadings, we employ the following standard of review:

> The reviewing court must determine if the action of the trial court was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. *Vogel v. Berkley,* 354 Pa.Super. 291, 296, 511 A.2d 878, 880 (1986). The appellate court must confine its consideration to the pleadings and relevant documents, *id.,* accept as true all well pleaded statements of fact by the party against whom judgment is granted ... and consider against him only those facts that he specifically admits. *Jones v. Travelers Insurance Company,* 356 Pa.Super. 213, 216, 514 A.2d 576, 578 (1986). Judgment on the pleadings may be granted only where the moving party's right to succeed is certain and the case so free from doubt that a trial would clearly be a fruitless exercise. *Id.*

*Keystone Automated Equip. v. Reliance,* 369 Pa.Super. 472, 474–75, 535 A.2d 648, 649 (1988), allocatur denied 519 Pa. 654, 546 A.2d 59. See also *E–Z Parks, Inc. v. Philadelphia Parking Authority,* 110 Pa.Cmwlth. 629, 532 A.2d 1272 (1987), allocatur denied 519 Pa. 656, 546 A.2d 60 (1988); *Beardell v. Western Wayne School District,* 91 Pa.Cmwlth. 348, 496 A.2d 1373 (1985).

Instantly, we find that the trial court erred when it found "the issues raised by the pleading have already been decided by the Commonwealth Court[.] [T]his Court is bound by that decision." However, upon review of the record, we are certain that the appellee is entitled to judgment on the pleadings, albeit for reasons other than those of the trial court. *Jones v. P.M.A. Ins. Co.,* 343 Pa.Super 411, 495 A.2d 203 (1985) (appellate court may affirm action of lower court

certain procedures since it is not "the appropriate state court with jurisdiction over contract disputes."

for reasons other than trial court's reasons in support of the order); *Butler v. Deluca,* 329 Pa.Super. 383, 478 A.2d 840 (1984).

■ The appellants argue that the present action is not *res judicata* since the Commonwealth Court did not rule on the question of whether the appellee was entitled to withhold fees in the amount of $59,947.00. However, the pertinent question presently is what effect does the Medical Review Committee's decision regarding PBS's entitlement to $59,947.00 in overcharges have on this action. Since KGD failed properly to seek review of the Medical Review Committee's decision, the issue of whether PBS was entitled to recover $59,947.00 from KGD has been finally adjudicated. Thus, the appellants are estopped from alleging that they do not owe $59,947.00 in wrongfully overcharged fees to PBS. See *Schubach v. Silver,* 461 Pa. 366, 375–77, 336 A.2d 328, 333 (1975) (if parties had prior opportunity to adjudicate same subject matter, all issues actually adjudicated and essential to judgment therein are final in subsequent action even though causes of action differ).

■ As a defense to the appellants' claim *sub judice* for unpaid fees, the appellee asserts that the appellants are not entitled to recover because of KGD's indebtedness to PBS arising from the previous overcharges. The appellants contend that the appellee's defense constitutes a counter-claim in the nature of a set-off which is barred by the statute of limitations. Contrary to the appellants' contention, the appellee offers the defense of recoupment which is not a counter-claim or set-off, and, thus, is not affected by the statute of limitations. In *Household Consumer Discount v. Vespaziani,* 490 Pa. 209, 415 A.2d 689 (1980), our Supreme Court discussed the law regarding the defense of recoupment.[3]

---

3. We note that *HCD v. Vespaziani, supra,* concerns the doctrine of recoupment under federal law. However, it is clear that the doctrine of recoupment is recognized and applied in the Commonwealth of Pennsylvania.

The doctrine of recoupment was derived from the civil law, and was adopted as a part of the common law. Under it a defendant is entitled to claim, by way of deduction, all just allowances or demands, accruing to him in respect of the same transaction that forms the ground of the action. This is not a setoff ... in the strict sense, because it is not in the nature of a cross demand, but rather it lessens or defeats any recovery by the plaintiff. It goes to the existence of the plaintiff's claim, and is limited to the amount thereof....

Recoupment goes to the foundation of the plaintiff's claim; it is available as a defense, although as an affirmative cause of action it may be barred by limitation. The defense of recoupment, which arises out of the same transaction as plaintiff's claim, survives as long as the cause of action upon the claim exists. It is a doctrine of an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced.

*HCD v. Vespaziani*, 415 A.2d at 694, quoting *Pennsylvania R. Co. v. Miller*, 124 F.2d 160, 162 (5th Cir.1942).

To further explicate the nature of the defense of recoupment, we offer the following examples. In *Bull v. U.S.*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), a decedent's estate was assessed a tax by the United States government which was later determined to be in excess of its actual obligation. Because the statute of limitations had run, the estate could not seek a refund. Subsequently, the government filed suit against the estate to obtain a tax owed on income received as proceeds from a partnership agreement. The estate demanded that the excess tax previously paid be credited against the income tax liability. The Supreme Court allowed the estate's claim, characterizing it as a recoupment. The Court stated: "This is because recoupment is in the nature of a defense arising out of some

feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely." *Bull v. U.S.*, 295 U.S. at 262, 55 S.Ct. at 700, 79 L.Ed. at 1428. If we place KGD in the position of the U.S. government and PBS in that of the estate, the analogy is obvious and elaboration is unnecessary.

In *Commonwealth v. Berks County*, 364 Pa. 447, 72 A.2d 129 (1950), the Commonwealth sued Berks County for the costs of maintaining two county prisoners in a State mental institution. The County answered denying the Commonwealth's right to recover because of an alleged debt due the County by the Commonwealth in excess of the sum in question. The County's claim was derived from its right to reimbursement by the Commonwealth to the extent that the County's contribution to the cost of maintaining the indigent insane (in general) was thereafter recovered by the Commonwealth from persons liable for the support of those committed. The Commonwealth contended that the County's claim was a set-off or counterclaim which, without the consent of the Commonwealth, is not available as a defense. However, our Supreme Court found that the County's claim was the defense of recoupment, stating:

> It is plain enough that, in legal contemplation, the transaction out of which the respective claims of the Commonwealth and of the County arose was the same, viz., the maintenance in State institutions of insane persons from the County. It is an immaterial difference that the County's claim relates to its past contributions for the maintenance of indigent insane for whose care it is no longer liable while the Commonwealth's claim is for the maintenance of criminal insane for which the County continues to be liable. The case is appropriately one for enforcement of the County's right to recoupment.

*Berks County*, 72 A.2d at 130–131.

Similarly, it is immaterial that PBS's claim is for a past debt arising out of KGD's act of overcharging Blue Shield patients while KGD's claim is for withheld fees due for services subsequently rendered to patients.

[3] Applying the aforementioned cases to the facts before us, it is abundantly clear that PBS has properly asserted the defense of recoupment. It is undisputed that KGD owed PBS the sum of $59,947.00 in overcharged fees while PBS was indebted to KGD in the amount of $59,947.00 representing withheld fees. Both debts arose out of the participating doctors' contract between the parties, and the debts were based upon the payment of fees for medical services rendered to Blue Shield subscribers by KGD. Simply put, the appellants' indebtedness to Blue Shield in an amount identical to the appellee's indebtedness defeats any recovery by the appellants. The appellants would have this court award the withheld fees and yet ignore a debt to PBS which they refuse to pay. Neither law nor equity would favor such a result. Instantly, the appellee's right to succeed is certain, and this case is so free from doubt that a trial would clearly be a fruitless exercise. Accordingly, we affirm the lower court's order granting judgment on the pleadings in favor of Blue Shield of Pennsylvania.

Order affirmed.