598 A.2d 302

**Joan WILLIAMS**

v.

**OTIS ELEVATOR COMPANY and
Philadelphia College of Art.**

**Appeal of OTIS ELEVATOR COMPANY.**

Superior Court of Pennsylvania.

Submitted April 3, 1991.

Filed Oct. 8, 1991.

William V. Coleman, Philadelphia, for appellant.

Robert A. Gelinas, Philadelphia, for Williams, appellee.

Cindy J. Baen, Philadelphia, for Philadelphia College of Art, appellee.

Before WIEAND, OLSZEWSKI and BROSKY, JJ.

WIEAND, Judge:

Joan Williams fell and sustained injury when, on March 5, 1982, the elevator in which she was riding suddenly lurched as she was exiting on the seventeenth floor of the Philadelphia College of Art (PCA). In a subsequent action against PCA and Otis Elevator Company, which had a contract to maintain the elevator, a jury apportioned negligence as follows: Otis—55%; PCA—30%; Williams—15%. The claim against PCA was subsequently settled, and this aspect of the case is no longer in issue. Post-trial motions filed by Otis, however, were denied, and judgment, including delay damages, was entered against it in the amount of $167,607. On appeal, Otis argues that the evidence was insufficient to

show that it was guilty of causal negligence and that the trial court, therefore, should have entered judgment n.o.v. Otis also argues that it is entitled to a new trial because of (1) an improper jury instruction which permitted the jury to find negligence based on res ipsa loquitur as defined in Restatement (Second) of Torts, § 328D, and (2) an erroneous evidentiary ruling by the trial court.

"A judgment n.o.v. may be entered only in a clear case where the facts are such that no two reasonable persons can fail to agree that the verdict is improper." *Lira v. Albert Einstein Medical Center,* 384 Pa.Super. 503, 508, 559 A.2d 550, 552 (1989). "In reviewing the sufficiency of the evidence to support the verdict, we view the evidence in the light most favorable to the verdict winner, granting that party the benefit of all reasonable inferences." *Cohen v. Albert Einstein Medical Center, Northern Division,* 405 Pa.Super. 392, 398, 592 A.2d 720, 723 (1991), citing *Cooper v. Burns,* 376 Pa.Super. 276, 280–281, 545 A.2d 935, 937 (1988), *allocatur denied,* 522 Pa. 619, 563 A.2d 888 (1989). See also: *Atkins v. Urban Redevelopment Authority of Pittsburgh,* 489 Pa. 344, 351, 414 A.2d 100, 103 (1980); *Reichman v. Wallach,* 306 Pa.Super. 177, 184–185, 452 A.2d 501, 505 (1982).

To establish liability on the part of Otis, plaintiff was required to establish by competent evidence that Otis owed to her a duty of care which Otis breached, thereby causing plaintiff's injuries. *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978); *Cwiakala v. Paal,* 427 Pa. 322, 235 A.2d 145 (1967); *Mapp v. Wombucker,* 421 Pa. 383, 219 A.2d 681 (1966); *Zanine v. Gallagher,* 345 Pa.Super. 119, 497 A.2d 1332 (1985). Otis' duty to plaintiff was defined by its maintenance agreement with PCA. In *Evans v. Otis Elevator Co.,* 403 Pa. 13, 168 A.2d 573 (1961), this duty was defined by the Supreme Court as follows:

The orbit of Otis' duty to third persons is measured by the nature and scope of [its] contractual undertaking ... and, if, ... Otis undertook to inspect the elevator at regular intervals, and, if the elevator was in a defective

or dangerous condition discoverable by reasonable inspection, Otis would be liable to third persons, regardless of any privity of contract, who might be injured by Otis' failure to properly perform its contractual undertaking of inspection. Such principle finds support in reason, justice and precedent: *Dahms v. General Elevator Co.*, 214 Cal. 733, 7 P.2d 1013 [1932]; *Higgins v. Otis Elevator Co.*, 69 Ga.App. 584, 26 S.E.2d 380 [1943]; *Koch v. Otis Elevator Co.*, 10 App.Div.2d 464, 200 N.Y.S.2d 700 [1960]; *Jones v. Otis Elevator Co.*, 234 N.C. 512, 67 S.E.2d 492 [1951]; *Durham v. Warner Elevator Mfg. Co.*, 166 Ohio St. 31, 139 N.E.2d 10 [1956]; *Wolfmeyer v. Otis Elevator Co.*, (Mo.) 262 S.W.2d 18 [1953]; *Banaghan v. Bay State Elevator Co.*, 340 Mass. 73, 162 N.E.2d 807 [1959]; *Delgaudio v. Ingerson*, 19 Conn.Supp. 151, 110 A.2d 626 [1954]; *Westinghouse Electric Elevator Co. v. Hatcher*, 133 F.2d 109 [5th Cir.1943]; *Pastorelli v. Associated Engineers, Inc.*, 176 F.Supp. 159 [D.R.I.1959].

*Id.*, 403 Pa. at 19, 168 A.2d at 576. See also: *Bethay v. Philadelphia Housing Authority*, 271 Pa.Super. 366, 381–382, 413 A.2d 710, 717 (1979).

Plaintiff-appellee's fall occurred as she was exiting elevator # 3. This elevator was subject to a maintenance agreement by which Otis had agreed to "regularly and systematically examine, adjust, lubricate as required, and if conditions warrant, repair or replace [certain component parts of the elevator]." Otis also had agreed to provide "call back" service, i.e., to inspect and repair the elevator upon notice from PCA that a problem existed.

■ The evidence in this case was sufficient to permit a jury to find that Otis had negligently performed its contract to maintain the elevator in a state of good repair. The "call back" maintenance record for elevator # 3 revealed a steadily increasing number of reported problems. Plaintiff then offered the opinion of John Allen, an elevator consultant, that Otis had failed to respond properly to the "call backs" by adequate inspection and repair. Allen said that Otis should have been alerted to an uncorrected defect in the

elevator by the number of "call backs" which exceeded the industry average. He opined that the lurching of the elevator was symptomatic of a leveling problem which was caused most likely by a defect in component parts, such as the brushes, brakes or leveling switches, which Otis had specifically agreed to inspect and maintain. This evidence, we conclude, was sufficient to support the plaintiff-appellee's contention at trial that if Otis had conducted more comprehensive inspections to the repeated "call backs" made by PCA, the source of the leveling defect would have been found and corrected. It was not essential to a recovery that appellee's evidence point unerringly to the specific defect which caused the elevator to lurch.

Plaintiff-appellee's evidence that her injuries were caused by appellant's negligence was also sufficient to support the verdict. William H. Simon, M.D., the orthopedic surgeon who had operated on her knee and who had treated her for back injury, testified as follows:

Q. Now, Doctor, based upon the history obtained from the patient, the results of your physical examination and your review of the various tests that you described, were you able to formulate an opinion based on a reasonable degree of medical certainty as to what the cause of Joan Williams' complaints were?

A. Yes.

The cause was an injury to her knee and her back sustained when she fell out of an elevator back in '82, March 5th.

This opinion testimony, given with the requisite degree of certainty, was sufficient to support the verdict. The weight and credibility of Dr. Simon's testimony were solely for the jury to determine. *Melzer v. Witsberger*, 505 Pa. 462, 476 n. 9, 480 A.2d 991, 998 n. 9 (1984); *Shearer v. Insurance Co. of North America*, 397 Pa. 566, 571, 156 A.2d 182, 184 (1959); *Standard Pipeline Coating Co., Inc. v. Solomon & Teslovich, Inc.*, 344 Pa.Super. 367, 377, 496 A.2d 840, 846 (1985); *Wilson v. Benjamin*, 332 Pa.Super. 211, 221, 481 A.2d 328, 333 (1984).

Section 328D of the Restatement (Second) of Torts, which was adopted by the Supreme Court of Pennsylvania in *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 327 A.2d 94 (1974), provides that

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

This principle has been applied to cases in which machinery has malfunctioned but where there is no evidence to identify the specific reason for such malfunction. See: *McGowan v. Devonshire Hall Apartments*, 278 Pa.Super. 229, 237–238, 420 A.2d 514, 518 (1980). See also: *Carney v. Otis Elevator Co.*, 370 Pa.Super. 394, 536 A.2d 804 (1988). It was in accordance with this rule that the trial court instructed the jury in the instant case.

■ Appellant argues that, although the principle of Section 328D may be applicable to the owner of the building, which had exclusive possession of the elevator, it can have no application to the elevator company whose duty was limited to making periodic inspections in accordance with the provisions of the maintenance agreement. The difficulty with this argument is that it has previously been rejected by both the Supreme and Superior Courts. It was first rejected by the Supreme Court in *Gilbert v. Korvette, Inc.*, *supra*, where a child's foot had become caught in an escalator and had been pulled into the comb plate. In adopting and applying Section 328D of the Restatement (Second) of Torts as a rule of circumstantial evidence against the elevator company which maintained the escalator, the Court said:

Section 328D not only abrogates formalistic distinctions based on substantive duty, but also eliminates another complication inherent in our prior rules. Formerly, it had

been stated in some decisions that "exclusive" management or control by the defendant of the injury-producing instrumentality was a prerequisite to res ipsa loquitur or exclusive control.

The Restatement rule, however, disavows the requirement of exclusive control. A party's negligence may be inferred when "other responsible causes ... are sufficiently eliminated by the evidence." Restatement (Second) of Torts § 328D(1)(b) (1965). Exclusive control may eliminate other causes, but the critical inquiry is not control but whether a particular defendant is the responsible cause of the injury. Responsibility, of course, may be shared by two or more defendants. See W. Prosser, Handbook of the Law of Torts § 39, at 221 (4th ed. 1971). Consequently, if responsibility is vested in and shared by two or more parties, each may be subjected to liability under the rule we adopt. See Restatement (Second) of Torts § 328D, comment g, illustration 8 (1965); Annot., 38 A.L.R.2d 905 (1954); 58 Am.Jur.2d Negligence § 503 (1971).

*Id.,* 457 Pa. at 613–615, 327 A.2d at 100–102. Exclusive control is merely one way of proving a defendant's responsibility. "He may be responsible, and the inference may be drawn against him, where he shares the control with another." Restatement (Second) of Torts, § 328D, comment g. Thus, the inference may be drawn jointly against the owner of an elevator and the elevator company which maintains the same. *Johnson v. Otis Elevator Co.,* 225 Pa.Super. 500, 502, 311 A.2d 656, 657 (1973). See also: *Carney v. Otis Elevator Co., supra; Williams v. Eastern Elevator Co.,* 254 Pa.Super. 393, 386 A.2d 7 (1978).

██ Appellant also contends that the trial court's instruction that the jury could infer negligence from the happening of the accident was improper because the plaintiff-appellee had introduced direct evidence that the elevator company had been negligent in inspecting and maintaining the elevator. There is no merit in this argument.

While it is true that a res ipsa loquitor instruction is not warranted in the face of clear and indubitable proof of negligence, it is also true that a res ipsa loquitor charge is appropriate where the facts of a case lie somewhere in a grey zone "between the case in which the plaintiff brings in no evidence of specific acts of negligence, and therefore must rely on the res ipsa loquitur inference alone, and the case in which the defendant's negligence 'can be clearly and indubitably ascertained' from the plaintiff's evidence, *Farley v. Philadelphia Traction Company*, 132 Pa. 58, 18 A. 1090 (1890), and therefore the plaintiff need not rely on the res ipsa loquitur inference at all." *Hollywood Shop, Inc. v. Pa. Gas & Water Co.*, 270 Pa.Super. 245, 252–53, 411 A.2d 509, 513 (1979).

*Smith v. City of Chester*, 357 Pa.Super. 24, 29–30, 515 A.2d 303, 306 (1986), *appeal dismissed*, 517 Pa. 362, 537 A.2d 812 (1988). See also: *Weigand v. Pennsylvania Railroad Co.*, 267 F.2d 281 (3d Cir.1959). Plaintiff's elevator expert in this case was unable to identify the exact cause of the accident. Under these circumstances, the trial court could properly instruct the jury on circumstantial evidence.

 Finally, Otis contends that the trial court committed reversible error when it excluded evidence regarding plaintiff's real estate holdings and personal income. Otis sought to introduce this evidence to support its contention that plaintiff had not obtained employment because she was economically secure rather than because of any disability. Questions concerning the relevancy of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of that discretion. *Hatbob v. Brown*, 394 Pa.Super. 234, 247, 575 A.2d 607, 613 (1990); *Leonard by Meyers v. Nichols Homeshield, Inc.*, 384 Pa.Super. 1, 5, 557 A.2d 743, 745 (1989), *allocatur denied*, 525 Pa. 584, 575 A.2d 115 (1990); *Egelkamp v. Egelkamp*, 362 Pa.Super. 269, 274, 524 A.2d 501, 504 (1987). Instantly the trial court concluded that the evidence was arguably relevant but that its "dubious probative value ... [was] substantially outweighed by the prejudice that would

accrue." We conclude that the evidence of plaintiff's real estate holdings, investments and income therefrom was properly excluded because it had no probative value [1] in determining whether plaintiff had sustained injuries which impacted upon her capacity to engage in employment. The issue was whether appellee had been so disabled as to affect adversely her earning capacity and not whether she was in economic need of employment.

Because the evidence was sufficient to support the verdict and because the trial was free of error, the judgment entered on the verdict of the jury must be, as it is,

Affirmed.

---

1. An appellate court may affirm the trial court for reasons other than those given by the trial court. See: *Kline v. Blue Shield of PA,* 383 Pa.Super. 347, 351–352, 556 A.2d 1365, 1368 (1989); *Jones v. P.M.A. Ins. Co.,* 343 Pa.Super. 411, 413 n. 1, 495 A.2d 203, 204 n. 1 (1985).