653 A.2d 39

**In re CITIBANK (SOUTH DAKOTA)
CREDIT CARD LITIGATION**

**Appeal of CITIBANK (SOUTH DAKOTA), N.A.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1994.

Filed Jan. 24, 1995.

Petition for Allowance of Appeal Granted May 31, 1995.

Christopher R. Lipsett, Washington, DC, for appellant.

Michael D. Donovan, Haverford & Michael P. Malakoff, Pittsburgh, for Loretta E. Irwin & Scott C. Magaw, participating parties.

Before ROWLEY, President Judge, and WIEAND and SAYLOR, JJ.

PER CURIAM:

This is a putative class action to recover from Citibank, a national bank located in South Dakota, certain charges made to holders of credit cards who are residents of Pennsylvania. These charges, it is alleged, are prohibited by the Pennsylvania Goods and Services Installment Sales Act, 69 P.S. §§ 1101–2303, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201–1 to 201–9.2, and Pennsylvania common law. Citibank, in turn, filed preliminary objections in the nature of a demurrer to the complaint. It contended that its charges to credit card holders were authorized by Section 85 of the National Bank Act, which allowed national banks to charge "interest at the rate allowed by the laws of the State ... where the bank is located...." Because the charges made by Citibank were allowed by the laws of South Dakota, it was argued, the charges were proper.

The trial court dismissed the bank's preliminary objections, holding that Section 85 of the National Bank Act was unconstitutional as applied to the facts of this case. The Superior Court thereafter granted Citibank's petition for special allowance of an appeal from an interlocutory order.

■ After Citibank's appeal had been argued, the Superior Court decided *Mazaika v. Bank One, Columbus, N.A.*, 439 Pa.Super. 95, 653 A.2d 640 (1994), in which it held that similar charges were not "interest" and, therefore, were not protected by Section 85 of the National Bank Act and the "exportation doctrine" announced by the United States Supreme Court in *Marquette v. First of Omaha Service Corp.*, 439 U.S. 299, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978).

■ This Court may affirm the order of the trial court if it was correct for any reason. See: *Fennell v. Nationwide Mut. Fire Ins. Co.*, 412 Pa.Super. 534, 539, 603 A.2d 1064, 1066, *allocatur denied*, 533 Pa. 600, 617 A.2d 1274 (1992); *Williams v. Otis Elevator Co.*, 409 Pa.Super. 486, 495, 598 A.2d 302, 306 (1991); *Arnold v. Logue*, 405 Pa.Super. 422, 427, 592 A.2d 735, 737 (1991). Therefore, we affirm the order of the trial court on the basis of the decision in *Mazaika v. Bank One, Columbus, N.A., supra*, 439 Pa.Super. 95, 653 A.2d 640. Under *Mazaika*, it is readily apparent that the instant action cannot be terminated summarily in response to preliminary objections.

Order affirmed.[1]

---

1. By affirming, we express no opinion on the constitutional issues which formed the basis for the trial court's decision.