

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2007

# In Re: Graboyes

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1776

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Graboyes " (2007). *2007 Decisions.* Paper 1626.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1626

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-1776

IN RE: MARY ANN GRABOYES, Debtor


FIRST BUSINESS CREDIT COMPANY,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 05-cv-1780
District Judge: The Honorable Legrome D. Davis

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 12, 2007

Before: SMITH and FISHER, *Circuit Judges*,
and DIAMOND, *District Judge**

(Filed: February 14, 2007 )
_____

OPINION
_____

SMITH, *Circuit Judge*.

    This appeal arises out of a mortgage and note on a condominium unit given by

Mary Ann and Seymour Graboyes to First Business Credit Corporation ("FBCC") in

---

    *The Honorable Gustave Diamond, Senior Judge for the Western District of
Pennsylvania, sitting by designation.

order to fund a retainer for legal fees in connection with the Graboyeses' filing for Chapter 13 bankruptcy on February 28, 1992. John Koresko represented the Graboyeses in their Chapter 13 filing. The Graboyeses made no payments on the note and FBCC made no demands for payment. On September 23, 2002, Mary Ann Graboyes ("debtor") again filed for voluntary Chapter 13 bankruptcy. On January 30, 2003, FBCC filed a proof of claim in the debtor's bankruptcy case for $49,130.78, plus interest and attorneys' fees. This proof of claim was later amended to $61,553.03, plus interest and attorneys' fees.

While in bankruptcy, the debtor initiated an adversary proceeding against FBCC on February 24, 2003 to determine the validity, priority, and scope of the lien held by FBCC against the property. The Bankruptcy Judge held that FBCC was a secured creditor of the debtor's estate as a lien holder on real property owned by the debtor. The Bankruptcy Judge later held that the interest and attorneys' fees added to FBCC's proof of claim were prohibited by Pennsylvania's Loan Interest and Protection Law ("Act 6"), 41 PA. CONS. STAT. ANN. § 101 *et seq*.

FBCC appealed the Bankruptcy Court's ruling to the United States District Court for the Eastern District of Pennsylvania, and the District Court affirmed. FBCC appeals, contesting the application of Act 6 to the proof of claim proceeding. We affirm the judgment of the District Court.[1]

---

[1]The District Court had jurisdiction over the appeal from the bankruptcy court under 28 U.S.C. §§ 158(a)(1) and 1334. We have jurisdiction pursuant to 28 U.S.C. § 158(d).

I.

The question presented on appeal is whether the District Court erred in allowing a debtor to raise a recoupment defense pursuant to Pennsylvania's Act 6 in a bankruptcy proof of claim proceeding. Our review is plenary. *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 334 (3d Cir. 2006) ("We exercise plenary review of an order issued by a district court sitting as an appellate court in review of a bankruptcy court."); FED. R. BANKR. P. 8013. Act 6 is a "comprehensive interest and usury law with numerous functions," one of which is that "it offers homeowners with 'residential mortgages' a measure of protection from overly zealous 'residential mortgage lenders.'" *Beckett v. Laux*, 577 A.2d 1341, 1343 (Pa. 1990).

FBCC argues that Graboyes should be barred from using the bankruptcy court to advance her Act 6 recoupment defense. FBCC makes several assertions in support of its position. First, FBCC asserts that a prerequisite to asserting an Act 6 defense is a foreclosure. FBCC contends that because FBCC never moved to foreclose on the property, Graboyes cannot now cure under Act 6. Second, FBCC claims that judicial estoppel prevents Graboyes from asserting her claim objection because she relied on the validity and value of FBCC's lien in a 1992 bankruptcy proceeding.

FBCC's assertion that Act 6 can only be used defensively when the creditor has sought foreclosure is inaccurate. Although titled "Notice of intention to foreclose," § 403 of Act 6 allows a creditor to take a number of legal actions short of foreclosure. 41 PA.

CONS. STAT. ANN. § 403(a) (listing "accelerat[ion of] the maturity of any residential mortgage obligation, commence[ment of] any legal action including mortgage foreclosure to recover under such obligation, or tak[ing] possession of any security" as actions that require 30 days notice to a residential mortgage debtor); *see also In re Schwartz*, 68 B.R. 376, 382 (E.D. Pa. 1986) (explaining that the "reference to other legal actions in Act 6 refers to the other forms of action a mortgagee may employ to enforce its state law rights under the mortgage"). Although Act 6 is typically raised as a defense to mortgage foreclosure proceedings, see *Trent Financial Corp. v. Church*, 12 Pa. D. & C. 3d 451 (Pa. Ct. Comm. Pl. 1978); *Bankers Trust Co. v. Foust*, 621 A.2d 1054 (Pa. Super. 1993), the provisions regarding the maximum lawful rate of interest for mortgages which Graboyes relies on are not expressly or necessarily linked to the provisions in § 403, which require notice of foreclosure. *See Lutz v. DeRose*, 25 Pa. D. & C.3d 388 (Pa. Ct. Comm. Pl. 1982) (noting that where judgment had been confessed, but no attempt to foreclose, accelerate, or execute the debt had been made, the Act 6 notice requirements and statutory right to cure were inapplicable).

FBCC offers no explanation as to why foreclosure is required for a mortgagor to assert his or her rights under § 301.[2] In any event, it is clear that "the act of filing a proof

---

[2] 41 PA. CONS. STAT. ANN. § 301(b) provides that:
The maximum lawful rate of interest for residential mortgages, as defined in this act, entered into or contracted for during any calendar month shall be equal to the Monthly Index of Long Term United States Government Bond Yields for the second preceding calendar month plus an additional two and one-half per cent per annum rounded off to the nearest quarter of one per

of claim is an action to collect a debt." *In re Woolaghan*, 140 B.R. 377, 384 (W.D. Pa. 1992). Thus, even under the strict construction of Act 6 that FBCC would have us adopt, Graboyes' defense is properly asserted. Because Act 6 "is one of a series of recent consumer protection statutes that are to be liberally construed in favor of the homeowner," we do not find FBCC's interpretation of the statute to be persuasive. *See In re Schwartz*, 68 B.R. 376, 379 (E.D. Pa. 1986).

Graboyes' Act 6 defense is also proper under Pennsylvania law, which allows a defendant to assert the equitable doctrine of recoupment as a defense, even though the same facts could not be asserted affirmatively as a counterclaim because of the statute of limitations. *See Kline v. Blue Shield of Pa.*, 556 A.2d 1365, 1368 n. 3 (Pa. Super. 1989); *Stulz v. Boswell*, 453 A.2d 1006, 1008-09 (Pa. Super. 1982); *In re Soto*, 221 B.R. 343, 359 (E.D. Pa. 1998). The doctrine of recoupment allows a defendant "to claim, by way of deduction, all just allowances or demands, accruing to him in respect of the same transaction that forms the ground of the action." *Kline*, 556 A.2d at 1368. Graboyes is in a defensive posture with respect to FBCC's proof of claim and therefore it is appropriate for her to avail herself of a recoupment defense.

FBCC submits the Bankruptcy Court's June 22, 2004 opinion as proof that Graboyes should be judicially estopped from asserting her objection, noting the Bankruptcy Court's statement that "the 1992 Bankruptcy Schedules corroborate FBCC's

---

cent per annum.
41 PA. CONS. STAT. ANN. § 301(b).

proof of claim, since the Schedules list a $5,000 joint debt owed to FBCC and secured by a lien against the Property," and noted that "the testimony presented by the Debtor and Seymour [that they paid the $5,000 retainer to Koresko, but FBCC never advanced any funds to Koresko] is not consistent with the 1992 Bankruptcy Case Schedules...." Debtors must file schedules listing their assets and liabilities and giving a statement of their financial affairs. 11 U.S.C. § 521(a)(1)(B); FED. R. BANKR. P. 1007(b). FBCC's judicial estoppel argument incorrectly equates Graboyes' inconsistency with respect to the *validity* of FBCC's lien to her objection that the *interest and attorneys' fees* added to the FBCC's proof of claim are prohibited by Act 6. The inconsistent positions taken by Graboyes regarding the validity of the lien do not estop her from now asserting the protection of Act 6 as to the applicable interest rates and attorneys' fees.[3] *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996).

According to FBCC, Act 6 does not apply to the loan it made to Graboyes because it is not secured by her residence, but rather, is secured by a rental property that she has not lived in since 1996. This argument attempts to import a new requirement into the provisions of Act 6. A "[r]esidential mortgage" is defined in the Act as "an obligation to pay a sum of money in an original bona fide principal amount of fifty thousand dollars ($50,000) or less, evidenced by a security document and secured by a lien upon real

---

[3]The listing in the 1992 schedule indicates only that there is a $5,000 secured claim on the property in favor of FBCC. The schedule does not specify the interest or attorneys' fees that were attached to the loan. Therefore, Graboyes is not estopped as to her Act 6 objection.

6

property located within this Commonwealth containing two or fewer residential units...."

41 PA. CONS. STAT. ANN. § 101. Nowhere does the Act require that the financed

residence also be the primary residence of the debtor. *See In re Smith*, 866 F.2d 576 (3d

Cir. 1989) (applying Act 6 protections to a debtor who became delinquent on a mortgage

for a residence that she was renting out while she resided in Germany).[4]

FBCC also invokes equitable principles in its assertion that bankruptcy jurisdiction

is inappropriate due to Graboyes' omission of her husband from this proceeding. As

Seymour Graboyes is a joint tenant and indispensable party, FBCC argues that the failure

to include him was improper. However, FBCC did not raise this argument before the

District Court, and we will not consider it for the first time on appeal. *Newark Morning*

*Ledger Co. v. United States*, 539 F.2d 929, 932 (3d Cir. 1976).

## II.

As the Bankruptcy and District Courts held, the mortgage is subject to the interest

rate ceiling in § 301(b). Simple interest is all that FBCC is entitled to under Pennsylvania

law. In *Moyer v. Berks County Board of Assessment Appeals*, 803 A.2d 833 (Pa. Commw.

Ct. 2002), the Court explained that "[i]t is fairly well established that the law in this

---

[4]FBCC asserts that the loan to the Graboyeses was a business loan, and therefore the maximum lawful rate of interest prescribed by Act 6 does not apply. 41 PA. CONS. STAT. ANN. § 301(f)(v); *In re DiPietro*, 135 B.R. 773 (E.D. Pa. 1992) (rejecting debtors' claims under Act 6 where a $15,000 mortgage was taken out to finance a tailor shop). FBCC overlooks the § 301(f)(v) requirement that a business loan have a principal amount in excess of $10,000. Although the 1992 bankruptcy schedule listed a $5,000 debt, the mortgage note in the record had a principal of exactly $10,000, and thus § 301(f)(v) does not exclude it from the protection of Act 6.

7

Commonwealth frowns upon compound interest and as such will only permit compound interest on a debt when the parties have expressly provided for it by agreement or a statute expressly authorizes it." *Id.* at 843; *Powell v. Retirement Bd. of Allegheny Cty.*, 246 A.2d 110, 115 (Pa. 1968). The mortgage note states only that "[i]nterest shall accrue on the outstanding principal balance hereof at the rate of 18.36 percent (18.36%) per annum." There is no statutory authorization for compound interest. Thus, FBCC is limited to only simple interest.

### III.

FBCC also asserts that it is entitled to attorneys' fees in the amount of at least $2,500, as stipulated in the mortgage note. As both the Bankruptcy and District Courts concluded, § 406 of Act 6 is applicable to the request for attorneys' fees in FBCC's proof of claim.[5] 11 U.S.C. § 506(b). Section 406 provides in pertinent part that

> With regard to residential mortgages, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:
> ...
> (2) Upon commencement of foreclosure *or other legal action* with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor....

41 PA. CONS. STAT. ANN. § 406 (emphasis added). In *In re Vitelli*, 93 B.R. 889 (E.D. Pa.

---

[5]The District Court correctly noted that the allowance of attorneys' fees in a proof of claim is governed by § 506(b) of the Bankruptcy Code. 11 U.S.C. § 506. However, the analysis under § 506(b) requires, *inter alia*, that fees and costs must be "allowable under state law," so we must look to § 406 as well. *See In re Olick*, 221 B.R. 146, 152-53 (E.D. Pa. 1998).

1988), the Court stated that "the term 'other legal action,' in the [context] of 41 P.S. § 406, refers only to legal proceedings to enforce a mortgage obligation in the manner of a foreclosure action, and not to a matter filed to attempt to advance the mortgagee's position in bankruptcy court." *Id.* at 897; *see also In re Schwartz*, 68 B.R. 376, 382 (E.D. Pa. 1986). *But see In re Olick*, 221 B.R. 146, 153 (E.D. Pa. 1998) (accepting, because it was uncontested, that a confessed judgment fits within the definition of "other legal action"). Thus, to the extent that the fees sought by FBCC were for litigation in bankruptcy court, including the proof of claim, FBCC is not entitled to recovery. *Olick*, 221 B.R. at 154 ("Act 6 does not permit the collection of attorney's fees for litigation in bankruptcy court."). With the potential exception of any fees incurred by FBCC in filing its confession of judgment, FBCC's attorneys' fees are not allowed under § 406. Because the current appeal addresses the proof of claim only, FBCC is not entitled to recover any fees.

IV.

In conclusion, we affirm the judgment of the District Court. Graboyes properly invoked Act 6 as a defense to FBCC's proof of claim. FBCC is limited to simple interest at the rate of ten percent per annum, as determined by the Bankruptcy Court in accordance with 41 PA. CONS. STAT. ANN. § 301(b). Each side must pay its own attorneys' fees.